284 So.2d 98 (1973)
Donald R. COLLINS, Appellee,
v.
A. Jerry SLOCUM et al., Defendant-Appellants, Third Party-Plaintiffs,
Humble Pipe Line Company, Third Party-Appellees.
No. 4298.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
Rehearing Denied November 2, 1973.
Guste, Barnett & Colomb by James M. Colomb, Jr., New Orleans, for defendants-appellants.
Cook, Clark, Egan, Yancey & King by Gordon E. Rountree, Shreveport, for appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
*99 SAVOY, Judge.
The instant suit was consolidated for purposes of trial and appeal with the case of Slocum et al. v. Humble Pipe Line Company, 284 So.2d 101 (La.App. 3 Cir. 1973), being suit No. 4299 on our docket, decided this date.
In the instant suit, plaintiff sued defendants alleging that a residential lot which they sold him is subject to a pipe line servitude now owned by Humble Pipe Line Company, and plaintiff could not proceed with the construction of a residence on the lot because of the presence of the oil pipe line. He prayed for a rescission of the sale and a return of the purchase price. In a supplemental petition, he asks for damages in the sum of $64,564.43. The defendants filed a third party demand in which they refer to the pipeline right of way dated April 23, 1953, from Morgan W. Walker, in favor of Interstate Oil Pipe Line Co., (ancestor in title to Humble), which pipe line includes the residential lot purchased by the plaintiff. Humble is named as the third party defendant. The defendants in chief allege in their third party demand that if they are forced to respond in damages, then they are entitled to damages against Humble for the reasons that Humble is obligated to properly mark and delineate its pipe line servitude, to keep the same under surveillance, and to warn defendants of the existence of the pipe line.
Humble filed an exception of no cause of action alleging that there is no breach of a legal duty by it to defendants, and alternatively urging contributory negligence on the part of the defendants.
In suit No. 4299 mentioned hereinabove, plaintiffs, as the vendors of the land sold to Collins in suit No. 4298, brought a direct action against Humble Pipe Line Company because of the presence of the pipe line and the servitude, praying for damages in the total sum of $200,000.00, alleging the failure of the pipe line company to delineate the servitude, to mark the same, and to keep it under surveillance and warn plaintiffs of its existence.
The pipe line company filed an exception of no cause of action, alleging that the petition sets forth no breach of legal duty owed by it to these plaintiffs and alternatively alleging contributory negligence on the part of the plaintiffs.
After a hearing on the exception of no cause of action filed in both suits, the district court maintained the exception in each case and dismissed the third party demand filed against Humble in each case. Appellant in each case appealed.
The facts are not at issue. Morgan W. Walker, then owner of the property, granted unto Interstate Oil Pipeline Company (predecessor of Humble Pipe Line Company), a pipe line right of way on April 23, 1953, for the purpose of constructing, operating, and maintaining a pipe line across land situated in Rapides Parish, Louisiana. The deed was timely recorded in the conveyance records of Rapides Parish, Louisiana. Walker sold the property to his son, Morgan W. Walker, Jr. Morgan W. Walker, Jr. sold the property to defendants in suit No. 4298. Slocum et al proceeded to subdivide the property in residential lots. Collins purchased one of the lots on August 1, 1971 and proceeded to construct a home thereon when Humble (now Exxon), notified him that the construction was on its pipe line right of way and over the pipe line as laid, asking him to remove the structure.
In his written reasons for judgment, the district court maintained the exception of no cause of action filed by Humble for the reason that he was of the opinion that Humble did not owe any duty to appellants in connection with the maintenance, operation, marking, and delineation of its pipe line.
The legal issues are the same in both cases and we shall discuss them in the instant *100 case. Counsel for appellants contend:
1. The Humble Pipe Line Company owed a duty to properly delineate, mark, and patrol its pipe line and is liable for its failure to do so.
2. Humble Pipe Line Company is liable to appellants because of its violation of its duties under the Pipe Line Safety Act and the regulations promulgated thereunder by the Secretary of Transportation.
3. Humble Pipe Line Company is liable to appellants under Article 667, Louisiana Civil Code.
4. Humble Pipe Line Company is liable to appellants under Article 1, Section 2, and Article 4, Section 15 of the Louisiana Constitution of 1921.
5. Humble Pipe Line Company is liable to appellants under Article 21 of the Louisiana Civil Code.
The specification of errors cited by appellants and the cases cited in their brief might be applicable to the case at bar if the right of way granted by Walker to Interstate on April 23, 1953 had not been timely recorded in the conveyance records of Rapides Parish, Louisiana.
It is well settled in Louisiana that all persons have constructive notice of the existence and contents of recorded instruments affecting immovable property. This principle of law was enunciated in the landmark case of McDuffie v. Walker, 125 La. 152, 51 So. 100.
In Brown v. Johnson, 11 So.2d 713 (La. App. 2 Cir. 1943), certiorari refused, the court said:
"where such an instrument contains language that fairly puts a purchaser on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own risk and peril".
In Wells v. Joseph, 234 La. 780, 101 So. 2d 667 the court said:
"the case of Arnold v. Sun Oil Company, 218 La. 50, 48 So.2d 369 (on rehearing), is full authority for the proposition that parties relying on the law of registry and claiming under recorded muniments of title cannot ignore the facts revealed by the public records".
In the instant case the pipe line right of way granted to Interstate, ancestor in title to Humble Pipe Line Company, was recorded many years prior to the sale of the property in the subdivision involved in the instant suit. The record reveals that the title was examined by an attorney-at-law, and therefore, anyone building on the right of way servitude did so at his peril.
The contention that Humble is required to delineate and mark the point where the pipe line traverses is without merit. The pipe line servitude was not limited to any portion of the property described and therefore, Humble had the right to lay the pipe line at any point it chose.
L.S.A.-C.C. Article 779 provides:
"If the manner in which the servitude is to be used is uncertain, as if the place necessary for the exercise of the right of passage is not designated in the title, the owner of the estate which owes the servitude is bound to fix the place where he wishes it to be exercised."
The above article places on the grantor or owner of the land, the obligation to mark and delineate in case this needs to be done.
Appellants also contend that Humble failed to place signs and/or line markers notifying the general public as to the pipe line location in violation of 49 Code of Federal Regulations 195.410. This section dealing with line markers states:
"(a) Except as provided in paragraphs (b) and (c) of this section, each carrier shall place and maintain line markers *101 over each buried line in accordance with the following:
(1) Markers must be located at each public road crossing, at each railroad crossing, and in sufficient number along the remainder of each buried line so that its location is accurately known.
(2) The marker must state at least the following: `Warning' followed by the words `Petroleum' (or the name of the commodity transported), `Pipeline' (in lettering at least 1 inch high with an approximate stroke of one-quarter inch on a background of sharply contrasting color), the name of the carrier and a telephone number (including area code) where the carrier can be reached at all times. Markers at navigable waterway crossings must also contain the words `Do Not Anchor or Dredge' with lettering not less than 12 inches high with an approximate stroke of 1¾ inches on a background of sharply contrasting color.
(b) Line markers are not required in heavily developed urban areas such as downtown business centers where
(1) The placement of markers is impracticable and would not serve the purpose for which markers are intended; and
(2) The local government maintains current sub-structure records.
(c) Line markers that have been installed before April 1, 1970, may be used until April 1, 1975.
(d) Each carrier shall provide line marking at locations where the line is above ground in areas that are accessible to the public."
The district judge held that the above regulations were adopted for the purpose of safety and as notice to the public in general and that it was not adopted to warn residential owners of the existence of a pipe line so that they would not construct a residence on the area covered by the pipe line. We agree with the reasoning of the district judge.
There is also evidence in the record that the Director of the Office of Pipeline Safety announced publicly in a speech on December 18, 1972, that the regulations do not go into effect until 1975.
It is our opinion that the case is governed by the law of registry and that the judgment maintaining the exception of no cause of action is affirmed at appellant's costs.
Affirmed.