_JjEZELL, J.,
dissenting.
This is a case where a son purchases a lot from his father and neither checked the public records to see if the property was *702 encumbered by a servitude. The record is clear that the father, William McMullen, was very familiar with the subdivision in which Lot 15 was located. Mr. William McMullen had built approximately 150-200 homes within this particular subdivision. When William purchased this lot in question, he also purchased two other lots adjacent to the lot involved in this suit. The record reflects that William McMullen became aware of the sewer line in the early 90's. It is also clear that William McMul-len was aware of the manhole covers at the southeast corner of Lot 15 and the one close to the northwest corner of Lot 15.
William McMullen was the successor in title to Lot 15, by way of a cash deed, signed on March 26,1995. He never had a title check done on the property, but at page 37 of the record he admits that he knew about both manhole covers before he purchased the property. It is also clear that this was a switch of his testimony from page 25 of the record, where he denied knowing about the northwest manhole cover. The change in his testimony was prompted by cross-examination, when the attorney for the City of Sulphur told him his father was going to testify differently. The 12attorney did not lie.
The majority of the opinion that the servitude, which was dated August 31, 1963, and filed in the public record on October 29, 1963, does not put the Plaintiffs on notice that they have a servitude that “extends across” Lot 15 of Block “A” of Forest Hills Subdivision. I do not agree with that opinion. The opinion of Collins v. Slocum, 284 So.2d 98 (La.App. 3 Cir.1973), is still good law and should be followed in this case. The City in this case was given a servitude which allowed them to cross Lot 15, and it did not have to delineate where they were going to cross Lot 15. The public records are there to put those who are purchasing property on notice that the property they are about to purchase has a title default or may be encumbered by a servitude. This case is no different than that which was presented in the Collins case. I might also point out that this suit was a suit for trespass, and it is clear that the City had the right to have a sewer line run across Lot 15.
We are not in an English class, and I am not sure that I would answer Judge Cooks’ question with a reply of “Lot 15.” However, if the Plaintiff had taken the time to find the servitude in the public records and read the description and knew that there was a manhole cover close to the northwest corner and another manhole cover at the southeast corner, then they would certainly be put on notice that the servitude extended across Lot 15. The failure on the part of the purchasers, father and son, to even check the public records is the problem in this case not the description given in the properly filed servitude.
For these reasons, I must respectfully dissent from the majority opinion.