HAWTHORNE, Justice.
 

 This case is before us under our1 supervisory jurisdiction to review a judgment of the Court of Appeal sustaining an exception of no right of action and dismissing plaintiff-relator’s suit.
 

 Chester D. Wells instituted this suit to have a tax title quieted under the provisions of Article 10, Section 11, of the Constitution and R.S. 47:2228. Defendants
 
 [1]
 
 answered plaintiff’s petition, and one of them, Eva Joseph, also filed an exception of no cause or right of action. The minutes of court reflect that by agreement of cottnsel this exception was referred to the merits, with the right reserved for the court to decide the exception independently of the suit.
 

 The district court rendered judgment quieting plaintiff’s tax title, holding that plaintiff was a third party purchasing on the faith of the public records and entitled to the protection afforded by the law of registry. On appeal the Court of Appeal sustained the exception of no right of action and dismissed the suit.
 

 The case was tried on the merits on a stipulation of counsel and certain exhibits and records introduced and filed in evidence, which show the following facts regarding the disputed property:
 

 On July 30,1940, Henry Joseph purchased the property from Willow Glen Land Coml
 
 *783
 
 pany, and he lived on the land with his concubine, Lelia Johnson, until his death in 1943. On September 25, 1943, shortly before he died, the property was sold at tax sale, under an assessment in his name, for non-payment of 1942 taxes. The purchaser at this sale was Gus K. Killen, whose deed was recorded on October 15, 1943, in the conveyance records of Rapides Parish. In December, 1943, by judgment of the court duly recorded Eva Joseph was recognized as sole heir of Henry Joseph and sent into possession of the property. On March 5, 1946, the property which had been sold at tax sale was redeemed by Eva Joseph, but the redemption certificate issued to her by the sheriff of Rapides Parish
 
 was not recorded until July 26, 1954,
 
 about three months after the instant suit was filed. On May 7, 1953, a notice of lis pendens was filed and recorded incidental to a possessory action instituted against Eva Joseph by the concubine Lelia Johnson, who claimed ownership of the property. On July 30, 1953, Eva Joseph sold the property to James A. Bennett by deed which was duly recorded in the conveyance records of Rapides Parish.
 
 [2]
 
 The following month Bennett, the purchaser, brought an ejectment suit against Ophelia Jordan and Rotilia Johnson, who were possessing under the concubine Lelia Johnson, and obtained a judgment ordering them to deliver the possession of the property to him. On November 30, 1953, the possessory action brought by Lelia Johnson against Eva Joseph and James A. Bennett was dismissed on exceptions of no right and no cause of action. By duly recorded deed dated January 30, 1954, Bennett sold the property to Neil Daspit. The tax purchaser, Gus Killen, died in 1943, and one of his children, Woodrow W. Killen, purchased the interest of the other heirs, all by recorded instruments.
 
 [3]
 
 Woodrow Killen conveyed the property to Chester Wells by deed recorded April 12, 1954, and thereafter Wells instituted the instant suit.
 

 From this statement of facts it will be seen that plaintiff acquired the property by act of sale recorded April 12, 1954, and that the redemption certificate from the sheriff of Rapides Parish to Eva Joseph, although dated March 5, 1946, was not recorded until July 26, 1954, after plaintiff purchased the property.
 

 On the trial of the merits of this case counsel stipulated that the dispute in the case at bar required a determination of the following question of law ••
 

 “What rights if any under the foregoing admitted evidentiary facts did plaintiff
 
 *785
 
 Wells acquire in 1954 in purchasing the interest of the heirs of Gus Killen, adjudicatee at a tax sale on September 25, 1943, which tax sale was redeemed on March 5, 1946 by Eva Joseph who did not record the certificate of redemption prior to this litigation ?”
 

 It is the position of Wells that he purchased on the faith of a recorded tax title; that the records showed no redemption or transfer from the purchaser; that at the time of his purchase the delays for redemption had long since elapsed,
 
 [4]
 
 and that insofar as the public records were concerned, the tax title had become complete and perfect in the tax adjudicatee, and redemption could no longer be enforced. In other words, Wells says that an unrecorded redemption can have no effect against a third-party purchaser who purchases before the recordation of the redemption certificate and after the period has elapsed during which redemption can be effected.
 

 The Court of Appeal concluded that when Gus Killen became the tax purchaser, he acquired an inchoate or contingent right, that the redemption by Eva Joseph within the three-year redemptive period defeated and destroyed the effect of the tax adjudication, that neither Killen nor his heirs could have maintained this action, and that the plaintiff' acquired only such rights as his vendors, the heirs of Killen, had possessed. See La.App., 95 So.2d 843.
 

 Gus Killen, the tax purchaser, died before the expiration of the period of redemption, but within this redemptive period the property was redeemed by Eva Joseph, heir of Henry Joseph. Since the property had been redeemed by the heir of the tax debtor, the heirs of the tax purchaser were without right to maintain an action to quiet the tax title. Under these circumstances the only way plaintiff could prevail in this matter is under the law of registry.
 

 Article 2266 of the Louisiana Civil Code provides that all sales, contracts, and judgments affecting immovable property which shall not be recorded shall be utterly null and void except between the parties thereto; that the recording may be made at any time but shall affect third parties only from the time of the recording.
 

 R.S. 9:2721 provides that no sale, contract, mortgage, judgment, or other instrument relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated, and neither secret claims nor equities nor other matters out
 
 *787
 
 side the public records shall be binding on or affect such third parties.
 

 In the leading case of McDuffie v. Walker, 125 La. 152, 51 So. 100, 105, this court said that “ * * * one may acquire a valid title to * * * property, though he know that as between his vendor and another an unrecorded title has already been passed”, and that knowledge is not equivalent to registry in Louisiana.
 

 In the more recent case of Martin v. Fuller, 214 La. 404, 37 So.2d 851, 856, this court said on rehearing:
 

 “Unlike the rule at common law, it is the public policy of this state that in order to affect third parties, all transactions touching upon or affecting title to real or immovable property must be recorded. As stated in the case of Baker v. Atkins, 107 La. 490, 32 So. 69, 70, there can be no actual owner of immovable property, so far as third persons are concerned, other than the owner of record’. See, also, McDuffie v. Walker, 125 La. 152, 51 So. 100; Soniat v. Whitmer, 141 La. 235, 74 So. 916; Loranger v. Citizens’ Nat. Bank of Hammond, 162 La. 1054, 111 So. 418; Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807; State ex rel. Hebert v. Recorder of Mortgages, 175 La. 94, 143 So. 15.”
 

 Under these principles we would have no difficulty in reinstating the judgment of the district court confirming and quieting plaintiff’s tax title, were it not for certain instruments which were of record at the time plaintiff acquired the property, as follows:
 

 (1) Ex parte judgment recognizing Eva Joseph as sole heir of the tax debtor Henry Joseph and sending her into possession of the property here in dispute.
 

 (2) Notice of lis pendens incidental to possessory action instituted by Lelia Johnson who was claiming the property.
 

 (3) Conveyance by Eva Joseph to James A. Bennett.
 

 (4) Judgment in ejectment action brought by Bennett against persons who possessed through permission of Lelia Johnson, ordering them to deliver possession of the property to Bennett.
 

 (5) Judgment dismissing on exceptions of no right or cause of action possessory action brought by Lelia Johnson against Eva Joseph and James A. Bennett.
 

 (6) Conveyance of the property by Bennett to Neil Daspit.
 

 We have set forth above certain fundamental principles of the law of registry. It is also the law of this state, however, that all persons have constructive notice of the existence and contents of recorded instruments affecting immovable property, and, as said by the Court of Appfeal in Brown v. Johnson, 11 So.2d 713, 716, “ * * * where such an instrument contains language that fairly puts a purchaser on inquiry as to the title and he does not
 
 *789
 
 avail himself of the means and facilities at hand to obtain knowledge of the true facts he is to be considered as having bought at his own risk and peril”
 

 The case of Arnold v. Sun Oil Company, 218 La. 50, 48 So.2d 369 (on rehearing), is full authority for the proposition that parties relying on the law of registry and claiming under recorded muniments of title cannot ignore the facts revealed by the public records.
 

 Again, in the case of Wise v. Watkins, 222 La. 493, 62 So.2d 653, 656, this court said:
 

 “ * * * The defendants cannot single out one instrument on the records and disregard the other instruments * * *. The records as a whole must be taken into consideration and they are bound by what they reveal. * * * ”
 

 An examination of the public records in the instant case revealed to the plaintiff that there were other claimants of title to the property, that the property stood of record in the names of other parties besides his vendors, and that he would have to resort to a lawsuit to establish his ownership. Under the Arnold and Wise cases, supra, these instruments of record were certainly sufficient to put a purchaser on inquiry as to the title, and if he did not avail himself of the means and.facilities to obtain knowledge of the true facts, he is to be considered as having bought at his own risk and peril.
 

 Consequently when plaintiff Wells purchased the interest of the heirs of Gus Killen in this property, he acquired only such rights as they had, and since the property had been redeemed by the heir of the tax debtor, the Killen heirs had no rights which they could convey to the plaintiff. Accordingly his suit to confirm and quiet the tax title must be dismissed. ’
 

 For the reasons assigned the suit is dismissed at plaintiff’s costs.
 

 FOUR.NET, C. J., concurs.
 

 [1]
 

 . Named as defendants were James A. Bennett, Eva Joseph, Lelia Johnson, and the vendees of Bennett.
 

 [2]
 

 . The stipulation of facts shows
 
 that
 
 Eva Joseph paid the taxes on the disputed property until she sold it to Bennett.
 

 [3]
 

 . It was stipulated
 
 that
 
 witnesses if present would testify under oath that the tax purchaser, Gus Killen, was survived by his widow and eight named children, one of whom was Woodrow Killen.
 

 [4]
 

 . Under Article 10, Section 11, of the Constitution the tax debtor may redeem the property at any time during three years from the date of recordation of the tax deed by paying the price given including costs, etc. The tax deed in the instant case was recorded on October 15, 1943, and plaintiff acquired by recorded deed on April 12, 1954.