376 So.2d 991 (1979)
JUDICE-HENRY-MAY AGENCY, INC., et al.
v.
Ben R. FRANKLIN, III, et al.
No. 12789.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Writ Refused January 3, 1980.
A. Clay Pierce, Jr., Baton Rouge, for plaintiffs-appellees, Judice-Henry-May Agency, Inc. and Stephen G. Henry, Jr.
Frank W. Middleton, III, Baton Rouge, for defendants-appellants, Ben R. Franklin, III and Ronald G. Wolf.
Before LANDRY, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Defendants, Ben R. Franklin, III, and Ronald G. Wolf, appeal a declaratory judgment finding an unrecorded lease between plaintiffs and defendants' ancestors in title to be binding and enforceable against defendants. The sole issue is whether an unrecorded lease, subsequently assigned and with the assignment being recorded, is binding on a third party purchaser. The trial court decided in the affirmative. We reverse.
In 1971, the Judice-Henry-May Agency, Inc., and Stephen G. Henry, Jr., plaintiffs-appellees, entered into a written lease with the 619 Jefferson Corporation, for space in a Baton Rouge building. The lease was never recorded. The 619 Jefferson Corporation *992 assigned the lease to the First City Mortgage Company of Dallas, Texas, after which the assignment was recorded in East Baton Rouge Parish. The 619 Jefferson Corporation later sold the property to R. Craig Smith and Edwin McKnight, who resold the property to the defendants. Defendants sought to increase the rent, and plaintiffs filed suit seeking a declaratory judgment as to their rights under the original lease. The trial court found the original 1971 lease binding on defendants, Franklin and Wolf.
Louisiana public recordation law is both codal and statutory. Louisiana Civil Code Article 2266 provides in pertinent part that
"All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto."
Revised statute 9:2721 lists more completely the acts which must be recorded to be valid against a third party:
"No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties."
Jurisprudence to the effect that unrecorded acts will have no legal effect on a third person, even where the third person has actual knowledge of the unrecorded acts, is of long standing.
In Harang v. Plattsmier, 21 La.Ann. 426 (1869), a third mortgage was held to outrank two earlier but unrecorded mortgages despite the fact that the act creating the third mortgage actually referred to the first two. See also McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909); Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952); Redmann, The Louisiana Law of Recordation: Some Principles and Some Problems, 39 Tul.L.R. 491, 496 (1965).
Thus, third persons need look only to the public records to determine adverse claims. McDuffie v. Walker, supra. All persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property. Brown v. Johnson, 11 So.2d 713 (La.App. 2d Cir. 1943). Where such a recorded instrument has language that fairly puts a third person "on inquiry as to the title, and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own risk and peril." Brown v. Johnson, supra, at 716; Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958); Pittsburgh Plate Glass Company v. Woodcock, 150 So.2d 660 (La.App. 3rd Cir. 1963); Wood v. Morvant, 321 So.2d 914 (La.App. 1st Cir. 1975).
While each case of this nature must be decided on its own peculiar facts and circumstances, Wood v. Morvant, supra, there are two clear trends in the jurisprudence. First, when one is put "on inquiry as to the title," the jurisprudence holds that availing oneself "of the means and facilities at hand", Brown v. Johnson, supra, requires an examination of any necessary public records, but not a wide ranging search of unrecorded documents. Second, unrecorded documents are not binding on a third party, even if the unrecorded document is referred to in a recorded one.
In Baird v. Atlas Oil Co., 146 La. 1091, 84 So. 366 (1920), the Supreme Court followed both these trends:
"However, the conveyance records are the only thing to which one dealing with real estate or any real right thereon needs to look, under the repeated decisions of this court; and one seeking to acquire a subsequent mineral lease upon property to which the right had been previously conveyed would only have to inquire and inform himself as to the status of the person's claims in whose name *993 the property stood at the time he sought to deal with it. If that party had already parted with his interest to some third person, the latter not having recorded his lease, this fact could certainly have no effect as to the proposed second lessee, for as to him the transfer would be utterly null and void, according to the plain letter of the Code. C.C. art. 2266." In Cole v. Richmond, 156 La. 262, 100 So. 419 (1924), the Supreme Court said:
"The conveyance records are the only thing to which one dealing with real estate needs to look, under the reported decisions of this court, nor can innocent third persons purchasing upon the faith of the public records be bound by any knowledge except such as is disclosed by such records."
See also Hasslocher v. Recknagel, 160 So.2d 421 (La.App. 2d Cir. 1964), citing both Baird and Cole.
Wise v. Watkins, 222 La. 493, 62 So.2d 653 (1952), emphasized that all the public records must be used.
"The defendants cannot single out one instrument on the public records and disregard the other instruments . . . The records as a whole must be taken into consideration and they are bound by what they reveal." (Emphasis added)
In Wells v. Joseph, supra, the third party purchaser failed to consider no less than six recorded instruments. He therefore purchased at his peril.
In Pittsburgh Plate Glass Company v. Woodcock, supra, the third party was charged with knowledge of all recorded instruments affecting the immovable property. He was not held to have been put on inquiry, however, because the public records erroneously described a completely different piece of property than that involved. Had the error been only a partially incorrect property description, he might yet have been put on inquiry, depending on the facts. Quatre Parish Co. v. Beauregard Parish School Board, supra; Wood v. Morvant, supra.
The following cases hold that reference to an unrecorded instrument will not serve to make that unrecorded instrument operative, save between the original parties.
In Sklar Producing Co. v. Rushing, 262 So.2d 115 (La.App. 2d Cir. 1972), an unrecorded letter agreement, though referred to in a recorded assignment, was held to have no effect on third parties. Ownership must be determined from "duly recorded instruments."
Roemer v. Caplis, 369 So.2d 1186 (La.App. 2d Cir. 1979), held an unrecorded partition agreement referred to in a conveyance to have no effect on third parties and to not be grounds for requiring further inquiry.
Judice-Henry-May Agency, Inc., appellee in this case, urges a distinction between their unrecorded lease and the unrecorded letter agreement in Sklar, supra. Appellee feels that reference to an unrecorded lease would excite a title examiner to further inquiry while a mere letter agreement would leave his equanimity undisturbed.
We cannot agree with appellee's position as a matter of law. Sklar and Roemer v. Caplis follow the doctrine that no unrecorded instrument can be made operative by reference. To accept appellee's contention would lead to ever greater distinctions as to just which unrecorded, but referred to, instruments would be given effect.
The basic public policy of Louisiana is squarely behind recordation. To have any effect on third parties, an instrument must be recorded. R.S. 9:2721 and Civil Code Article 2266. Third parties must consult all the public records pertaining to their transactions but need not go beyond those public records.
Thus, the 1971 lease between plaintiff-appellee, Judice-Henry-May, and the 619 Jefferson Corporation was not cause for further title examination by defendants, Franklin and Wolf, nor is it binding on them in any way.
For the foregoing reasons, the judgment in favor of plaintiff-appellee, Judice-Henry-May Agency, is annulled and reversed. The *994 case is remanded for further proceedings not inconsistent with law and this opinion.
REVERSED AND REMANDED.