435 So.2d 535 (1983)
FLORIDA GAS EXPLORATION COMPANY, Drillamex, Inc., Barber Oil Exploration, Inc. and Mapco, Inc.
v.
BANK OF ST. CHARLES & TRUST COMPANY and
Bernard Mason, Jr. and Roland E. Smith.
No. 82-CA-146.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1983.
Rehearing Denied August 17, 1983.
*536 Liskow & Lewis, William R. Pitts, New Orleans, for plaintiffs-appellees.
Hurley & Hoffmann, Herman C. Hoffmann, Jr., New Orleans, for defendant and plaintiff-in-reconvention-appellant.
Before BOUTALL, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
The Bank of St. Charles and Trust Company, defendant and plaintiff-in-reconvention, appeals a declaratory judgment which upheld a mineral lease held by Florida Gas Exploration Company, Barber Oil Exploration, Inc., Drillamex, Inc., and MAPCO, Inc. (plaintiffs) and dismissed the Bank's reconventional demand which sought dissolution of plaintiffs' mineral lease, its share of the gas production from the property in question, and reasonable attorneys fees. The mineral lessees had filed an action for a declaratory judgment against the Bank and Bernard Mason, Jr. and Roland E. Smith (mineral lessors) to declare the plaintiffs' rights under a mineral lease valid after the Bank had acquired the property in question by foreclosing on a collateral mortgage by executory process. The trial court premised its judgment upon two grounds:
(1) It found substantive defects in the executory process proceedings by which the Bank had acquired the property.
(2) The description contained in the Bank's recorded collateral mortgage was insufficient and incomplete; it did not place the public on notice as to the size, extent, boundary, measurement, and description of the land mortgaged.
FACTS
On May 10, 1974 defendants, Bernard Mason, Jr. and Roland E. Smith, executed a collateral mortgage in favor of defendant *537 Bank of St. Charles and Trust Company on property they owned in St. Charles Parish. The collateral mortgage purported to secure a promissory note made payable on demand in the principal sum of $287,500 and bearing interest at the rate of 14 percent per annum from date. This collateral mortgage was recorded in the mortgage records in St. Charles Parish May 23, 1974. The mortgage contained, however, an incomplete description of the property mortgaged because an exhibit referred to in the mortgage was not, in fact, attached to the mortgage as recorded. Subsequently, on November 11, 1974 Mason and Smith, the debtors, executed a mineral lease affecting the same property to Florida Gas. The lease was recorded on July 7, 1975. Florida Gas assigned interest in the lease to plaintiffs, Drillamex, Inc., Barber Oil Exploration, Inc., and MAPCO, Inc., on December 5, 1975; this assignment was recorded February 3, 1976 in the conveyance records of St. Charles Parish.
Seeking foreclosure of its collateral mortgage due to nonpayment of the note, the Bank sued the debtors, Mason and Smith, on July 1, 1975 and a writ of seizure and sale was issued thereafter. (Suit No. 15978, Twenty-Ninth Judicial District Court, Parish of St. Charles). Compromise negotiations between the Bank and counsel for the debtors immediately commenced. There were several compromise closings proposed and cancelled because one of the debtors was unable to raise the necessary funds. Counsel for the debtors testified at the trial of this case that they entered into an "abeyance agreement" with counsel for the Bank in which the Bank would take no default against the debtors nor would the executory proceedings go forth without prior notification to the debtors' counsel. In contrast, counsel for the Bank testified that he did not agree to withhold the proceedings pending the settlement discussions. In any case, the property purportedly affected by the collateral mortgage was advertised on August 7, 1975 and September 4, 1975 and sold to the Bank at public auction on September 10, 1975. Counsel for debtors testified that at no time was his firm informed of a termination of the abeyance agreement.
It is important to note that the promissory note sued upon in the foreclosure proceedings (Suit No. 15978) in July 1974 was made payable to the order of Bank of St. Charles and payable on demand one year after date. However, the recorded collateral mortgage purportedly secured a note by Mason and Smith "drawn by him to his own order and by him endorsed" and "payable on demand." Further, the Bank's petition for executory process contained a complete property description rather than the incomplete description actually found in the recorded collateral mortgage.
On October 1, 1975 alleging various defects in the executory process proceedings, the debtors/mineral lessors filed a "Petition for Nullity of Judgment, Annullment of Sale, and Injunctive Relief." After a compromise agreement had been reached between the parties, on March 29, 1978 this nullity action was dismissed with prejudice on motion of the debtors/mineral lessors. The Bank thereafter sent a letter to the mineral lessees alleging their lease was terminated as a result of the sale and requested they furnish the Bank with a recordable act reflecting this termination of the lease. Subsequently, the mineral lessees filed this declaratory action which alleges that the Bank's letter of June 21, 1978 cast a cloud upon the lease and the plaintiffs' rights under the lease and seeks to have the cloud removed and their rights confirmed.
In its petition, Florida Gas urged that the mortgage did not supercede the mineral lease because (1) the description of the property in the collateral mortgage was insufficient to put third parties on notice, and (2) the foreclosure proceedings were null and void. The Bank reconvened seeking a judgment: (1) declaring the mineral lease to be terminated; (2) awarding it the proportionate share of the production attributable to the property less the Bank's pro-rated share of the cost of drilling, completing and operating the wells pertaining to the property; and (3) awarding of attorneys *538 fees for bringing the reconventional demand.
Following trial, the lower court granted judgment in favor of Florida Gas and against the Bank (1) declaring the executory process proceedings to be null and void; (2) declaring the mineral lease to be good, valid and continuing; (3) dismissing the Bank's reconventional demand; and (4) casting all costs to the Bank. In its reasons for judgment, the court indicated that the executory process proceedings were null and void because there was a variance in the note as described in the petition, and the note described in the recorded collateral mortgage, and also there was a variance in the property description in the petition and the property description in the mortgage. The court also found the incomplete property description in the mortgage was insufficient to put third parties on notice. Finally, the court held that the prescriptive bars urged by the Bank were not applicable.
On appeal the Bank specifies the following as error:
(1) The trial court erred in finding the property description was insufficient to put third parties on notice.
(2) The trial court erred in finding that plaintiffs' attack on the executory process proceedings was not barred by La.R.S. 13:4112 and Civil Code art. 3543.
(3) The trial court erred in finding that the executory process proceedings were null and void.
ASSIGNMENT OF ERROR ISUFFICIENCY OF THE COLLATERAL MORTGAGE PROPERTY DESCRIPTION
The Bank claims that the foreclosure of its collateral mortgage and the subsequent sale at public auction of the subject property terminated plaintiffs' mineral lease since the lease was made subsequent to the Bank's collateral mortgage and this mortgage's recordation. However, the mineral lessees contend the collateral mortgage contains an incomplete property description which was insufficient to place third parties on notice that the collateral mortgage affected such property. The following principles are pertinent to the resolution of this issue:
On the basis of the public records doctrine, third persons need only look to the public records to determine adverse claims. See, La.C.C. art. 3342 and 3347; McDuffie v. Walker, 125 La. 152, 51 So. 100 (La.1909). Louisiana Civil Code article 2266 provides that all sales, contracts, and judgments affecting immovable property which shall not be recorded shall be utterly null and void except between the parties thereto and that the recording may be made at any time but shall affect third parties only from the time of recording. Moreover, Louisiana Revised Statute 9:2721 provides that no sale, contract, mortgage, judgment, or other instrument relating to or affecting immovable property shall be binding on or affect third persons or parties unless and until filed for registry in the office of recorder of the parish where the land or immovable property is situated, and neither secret claims nor equities nor other matters outside the public record shall be binding on or affect such third parties.
Under Wells v. Joseph, all persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property and where a recorded instrument has language that fairly puts a third person "on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts he is to be considered as having bought as his own risk and peril." Wells v. Joseph, 234 La. 780, 101 So.2d 667, 670 (La.1958); Judice-Henry-May Agency, Inc. v. Franklin, 376 So.2d 991, 992-993 (La.App. 1st Cir.1979); Brown v. Johnson, 11 So.2d 713, 715-716 (La. App.2d Cir.1942). Although the jurisprudence requires the third persons to avail themselves of the "means and facilities at hand" meaning any necessary public records, it does not require a search of unrecorded documents. See, Judice-Henry-May Agency, 376 So.2d 991, 992-993.
*539 Applying these general principles outlined above, this court finds the incomplete property description in the collateral mortgage insufficient to put third parties on notice that the property in question was subject to the mortgage. The following property description is found in the collateral mortgage:
A CERTAIN PIECE OR PORTION OF GROUND with all the buildings and improvements thereon and all of the servitudes, rights, and appurtenances thereunto applying, situated in the State of Louisiana, in the Parish of St. Charles, being located partly in Section 39, Township 13 South, Range 9, East, and in Section 44, Township 12 South, Range 9 East, being designated as the "LEVY TRACT" on a plan by J.J. Krebs & Sons, Inc. Civil Engineers, dated December 24, 1968, and revised May 5, 1970, a copy of which is attached hereto and made a part hereof, and according to which the said portion is in the area bounded on the South by Preston Hollow Subdivision, on the North by the 60 Arpent Line, on the West by a portion of ground shown as Elkinsville Subdivision on the said plan, and on the East by a tract owned by Charles Blackwell, and the said portion measures by perimeter as follows:
Commence at the intersection of the southerly right-of-way line of the Y & M V R.R. with the dividing line between Elkinsville Subdivision and Preston Hollow Subdivision, and measure thence in a northerly direction a distance of 100 feet to a point on the northerly right-of-way line of the Y & M V R.R., which point is designated as "A" on the said plan; thence measure in a northerly direction along the line separating the Levy Tract PROPERTY DESCRIPTION CONTINUED ON ATTACHED EXHIBIT
The above partial description, argues the Bank, at least notifies third persons that a portion of this property is mortgaged and that once put on notice that any portion of the 55 acre tract had been mortgaged, third persons must inquire as to whether the entire tract had been mortgaged. It would require third persons such as the mineral lessees in this case to avail themselves not only of the public records to determine the extent of the property mortgaged but also to seek outside the public records to obtain knowledge of the true facts. More specifically, it urges that these lessees could have contacted the vendors the vendees, the notary who passed the mortgage, or the Bank. It argues because these lessees did not avail themselves of these opportunities to obtain knowledge of the true facts, the lessees acquired the mineral lease at their own risk and peril.
Although the Bank refers this court to cases such as Judice-Henry-May Agency, Wells v. Joseph, and other related cases for support of the above contention, we find no authority in these cases for the proposition that a third person alerted by a recorded, incomplete property description must search outside the public records to obtain knowledge of the true facts. However, Wells and its progeny do require that third persons avail themselves of "the means and facilities" at hand within the public records to determine the true facts concerning the property in question. Under Wells, third persons examining the public records in reference to the subject property would find pertinent the act of sale by which the debtors, Mason and Smith, acquired the mortgaged property. We must determine whether this recorded act of sale and the incomplete property description in the collateral mortgage indicated to third parties the true extent of the property that was subject to the mortgage.
The recorded act of sale does contain a full property description; however, there is simply nothing in the collateral mortgage's phrase "property description continued on attached exhibit" to indicate that the mortgagors were mortgaging all the same lands acquired and described in the act of sale. The collateral mortgage refers to a "portion" of the bounded area affected. The "attached exhibit" could have described any fractional part of the lands acquired rather than the whole. Therefore, these two recorded documents do not put third parties *540 on notice as to the extent of the property actually mortgaged.
ASSIGNMENT OF ERRORS II AND III
In regard to the trial court's invalidating the executory process procedure, our decision upholding the mineral lessees' rights under their lease based upon the insufficient property description in the collateral mortgage adequately clarifies the rights of plaintiffs under Louisiana Code of Civil Procedure's declaratory judgment article (La.C.C.P. art. 1871). We find it unnecessary to address, and, therefore, do not decide the validity of the executory process proceeding (No. 15978) since a decision of this issue would not terminate the uncertainty giving rise to this proceeding. La.C. C.P. art. 1876. We note that the debtors and the Bank reached a compromise agreement in the debtor's nullity suit against the Bank (No. 15978), and that suit has been dismissed with prejudice.
For the reasons assigned above, we affirm that part of the trial court's decision which finds the oil, gas and mineral lease executed on November 11, 1974, Entry No. 49605, recorded at COB 164, Folio 92 of the Parish of St. Charles, a good, valid and continuing lease. We also affirm the trial court's dismissal of the reconventional demand of the Bank of St. Charles and Trust Company. Because we reach this result, we deem immaterial and set aside that part of the judgment which declares the executory proceedings in No. 15978, Bank of St. Charles & Trust Co. v. Bernard Mason, Jr., et al, null and void. The Bank of St. Charles and Trust Company is cast for all costs of this appeal.
AFFIRMED IN PART; SET ASIDE IN PART.