DUFRESNE, Judge,
dissenting.
I respectfully dissent from the majority opinion because I believe that the trial court was in error in denying P.J.’s request for injunctive relief to prevent their eviction.
The issue before us is whether P.J.’s recorded lease was binding on the purchaser of the property, G.D. & G.
We find the trial court erred when holding PJ.’s recorded lease not binding on G.D. & G. There is no lawful requirement that notice of an affirmation and ratification of a recorded lease be recorded in the public records. The recorded lease fairly and justly put third party purchasers, i.e., G.D. & G. on notice that the subject premises was burdened with an effective lease. Thomas v. Lewis, 475 So.2d 52 (La.App. 2nd Cir.1985) and Florida Gas Exploration Co. v. Bank of St. Charles & Trust Co., 435 So.2d 535 (La. App. 5th Cir.1983). Moreover, G.D. & G. had actual knowledge of P.J.’s occupancy of the premises and the existence of P.J.’s lease. Therefore, the recorded lease was binding on G.D. & G. and P.J.’s has a superior right to the leased premises until the expiration of the term of the recorded lease and any options contained therein have been lawfully exercised.
Although there is no reference in the sale of P.J.’s lease, the record does reveal that G.D. & G. was aware of P.J.’s lease prior to the sale of leased premises.
Louisiana law does not require P.J.’s to file additional documentation in the public records after a sale to evidence that a recorded lease was affirmed and ratified. Thomas v. Lewis, Supra.
P.J.’s lease was recorded in- the Parish public records for approximately 2 years as notice to all parties that the property was subject to a lease.
It is Standard Hornbook Law that the buyer of leased land during the life of the *1220 lease occupies the same position as the original lessor.
The Louisiana Legislature enacted LSA-R.S. 9:2721(B) which states:
B. Anyone who acquires immovable property in this state, whether by sale, sheriffs sale, dation en paiement, or in any other manner, which property is subject to a recorded lease agreement that is not divested by the acquisition, shall take the property subject to all of the provisions of the lease, including any provision for the payment of a commission to a leasing agent or other third party, provided that the lease was recorded prior to the recor-dation of the document which establishes the rights of the person who acquires the property. Such document shall include, but is not limited to a mortgage, option to purchase, or other writing.
Amended by Acts 1992, No. 974, § 1.
In the case before us, in order for P.J.’s lease to follow the premises and have a superior rank, it must have been recorded prior to the recordation of the document which establishes the rights of the person who acquired the property.
Although there was a judicial sale which took place after the recording of the lease, Guaranty (the purchaser at the judicial sale) did not cancel the lease and evict P.J.’s but continued to lease the premises to them for almost two years under the terms and conditions of the original lease. This continued arrangement basically ratified and affirmed the original lease of P.J.’s. See Pirkle & Williams, Inc. v. Shreveport Jitney Jungle, Inc., 19 La.App. 729, 140 So. 837 (1932).
G.D. & G. was fully aware of P.J.’s lease, that the lease was recorded and that Guaranty had been continuing to lease the property to P.J.’s since their acquisition of the premises at the sheriffs sale.
Accordingly, although Guaranty’s mortgage was recorded prior to the recorded lease of P.J.’s, the lease was affirmed and ratified by Guaranty and thus, P.J.’s has a right to the property which is superior to that of G.D. & G.
The eviction of P.J.’s was in error and the judgment of the trial court should be reversed and vacated. P.J.’s should be restored to its lawful possession of the subject premises as per its lease agreement.
Accordingly, I dissent from the majority opinion.