# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-652

BILLIE THI LE

VERSUS

LEEANNA VANDERWATER LU, ET. AL.

### Consolidated With 18-655

MICHAELA ELOUISE JORDON DEVOS, ET. AL.

VERSUS

ROBIN L. HOOTER, IN HER OFFICIAL CAPACITY AS RAPIDES
PARISH CLERK OF COURT

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 259,736 C/W 260,723
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

## JOHN E. CONERY
## JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, John E. Conery, Van H.
Kyzar, and Candyce G. Perret, Judges.

**Keaty, J., dissents and assigns written reasons.**
**Perret, J., dissents for the reasons assigned by Judge Keaty.**

**REVERSED AND RENDERED.**

**Jeremy C. Cedars**
**Lineage Law, LLC**
**4615 Parliament Drive, Suite 202**
**Alexandria, Louisiana  71303**
**(318) 767-2226**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Michaela Elouise Jordan DeVos**
    **John Scott Martin**

**Eugene Paul Cicardo, Jr.**
**Attorney at Law**
**Post Office Box 11976**
**Alexandria, Louisiana  71315**
**(318) 445-2097**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Billie Thi Le**

**Robin L. Hooter, Rapides Parish Clerk Of Court**
**701 Murray Street, Suite 102**
**Alexandria, Louisiana 71301**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**CONERY, Judge.**

Michaela Jordan DeVos and John Scott Martin (DeVos and Martin) appeal the trial court's April 9, 2018 judgment dismissing their exceptions of no cause or right of action against Billie Thi Le (Ms. Le) and their petition for writ of mandamus against Robin Hooter, the Rapides Parish Clerk of Court, on the basis that the sale of property on September 13, 2013 from Leeanna Vanderwater Lu (Ms. Vanderwater) to DeVos and Martin, under instrument number 1610399, was set aside and declared invalid. Based on this ruling, the trial court found that Ms. Le was the lawful owner of the immovable property located at 5815 Bruyninckx, Alexandria, Louisiana. For the following reasons, we reverse.

### FACTS AND PROCEDURAL HISTORY

Ms. Vanderwater came into possession of the immovable property at issue, a house and lot situated at 5815 Bruyninckx, Alexandria, Louisiana, on March 3, 2011, by the judgment of possession recorded in Rapides Parish Conveyance Book 1882, page 535. The name on the judgment of possession was Leeanna L. Vanderwater Lu.

On July 8, 2017, Ms. Le and Ms. Vanderwater entered into a buy-sell agreement for Ms. Le to purchase the property from Ms. Vanderwater (the Le buy-sell agreement). The name signed on the Le buy-sell agreement was "Leeanna Ann Vanderwater." The closing was scheduled for August 17, 2017 at the office of Ms. Le's attorney, Mr. Michael S. Tudor. After Ms. Vanderwater was informed of the closing date, on the morning of the closing she informed Mr. Tudor that she no longer wished to proceed with the sale to Ms. Le and canceled the closing.

On August 28, 2017, Ms. Le filed a petition for specific performance and damages in the Ninth Judicial District Court claiming breach of the Le buy-sell agreement. The case was assigned civil docket number 259,736. Ms. Le also filed

a notice of lis pendens in the mortgage records of Rapides Parish in Book 3036, Page 630, on August 30, 2017, with a specific reference to the civil docket number (August 2017 notice). No municipal address or legal description was included in the August 2017 notice, only the civil docket number of Ms. Le's specific performance suit filed in the civil suit records.

On September 13, 2017, Ms. Vanderwater executed an act of sale in order to convey the same property to DeVos and Martin. Ms. Vanderwater testified that about two weeks before the execution of the act of sale between herself and DeVos and Martin, she informed DeVos and Martin of Ms. Le's pending suit, and showed them the actual petition with her citation to answer.

Ms. DeVos testified that she never had notice of the pending lawsuit, but, was aware through discussions with Ms. Vanderwater of a threat of a lawsuit. Ms. DeVos testified that prior to the act of sale on September 13, 2017, she neither told her closing attorney, Mr. Marion French, nor her friend, Sallie McManus of Lawyer's Abstract, who did the chain of title, of the threat of a lawsuit over the sale of the property at issue. Ms. DeVos testified that Ms. Vanderwater informed her that Ms. Le had failed to attend the previous closing and hence she was selling the property to DeVos and Martin. The trial court in its reasons for judgment specifically found that DeVos and Martin did not discover that there was a pending lawsuit by Ms. Le until December of 2017, some three months after they purchased the property at issue, thereby implicitly finding that the testimony of Ms. Vanderwater as to giving actual notice of the suit to DeVos and Martin was not credible.

Neither Mr. French, the closing attorney, nor Ms. McManus, the abstractor, noted the August 2017 lis pendens notice in the mortgage records prior to the sale of the property to DeVos and Martin, as neither examined the mortgage records

after the August 30, 2017 filing of the notice, notwithstanding that the actual sale to DeVos and Martin did not take place until September 13, 2017. Neither of them checked the suit records to determine whether the "threatened" lawsuit had been filed and whether it may have affected title to the subject property.

On January 5, 2018, after Ms. Le discovered that Ms. Vanderwater had sold the property in question to DeVos and Martin, she filed a first supplemental and amending petition naming DeVos and Martin as additional defendants in the pending lawsuit, and seeking declaratory relief that she be declared owner of the property. A second notice of lis pendens was filed in the mortgage records of Rapides Parish, which included the municipal address of the property (January 2018 notice.) By contrast, the municipal address was not contained in the August 2017 notice. However, as with the August 2017 notice, the civil docket number of the pending suit for specific performance was listed in the January 2018 notice. DeVos and Martin responded to Ms. Le's lawsuit with exceptions of no cause and no right of action.

DeVos and Martin subsequently filed a petition for a writ of mandamus and declaratory relief against Robin Hooter in her official capacity as Rapides Parish Clerk of Court claiming that the August 2017 notice was defective on its face, and requesting that the trial court issue an order cancelling the August 2017 notice from the Rapides Parish Mortgage records.

On February 18, 2018, a trial was held on Ms. Le's claims against Ms. Vanderwater. After Ms. Vanderwater testified, the proceedings concluded with a consent judgment in which Ms. Vanderwater agreed to, and the trial court ordered her to, execute the documents necessary to convey ownership of the property located at 5815 Bruyninckx, Alexandria, Louisiana to Ms. Le, contingent on the outcome of a later determination by the trial court of the validity of the August

3

2017 notice filed on behalf of Ms. Le. Ms. Le was also required to deposit the sales price for the property of $50,000 into the registry of the court. The consent judgment was signed on February 28, 2018.

The consent judgment specifically severed and reserved for a subsequent trial the claims of DeVos and Martin seeking a writ of mandamus, along with their exceptions of no cause or right of action, and Ms. Le's claims against DeVos and Martin in her suit for specific performance.

DeVos and Martin filed a motion for summary judgment on or about February 20, 2018, against Ms. Le's supplemental and amending petition, which was heard on March 9, 2018. The trial court denied the motion for summary judgment and found there was a genuine issue of material fact as to the validity of the August 2017 notice.

On March 21, 2018, all of the remaining issues were heard by the trial court. After hearing testimony from Ms. DeVos and her former closing attorney, Marion French, along with John Tudor, the original attorney who handled the initial aborted sale of the property to Ms. Le, the trial court found in favor of Ms. Le. In oral reasons given on the record, the trial court denied DeVos and Martin's petition for a writ of mandamus, as well as the exceptions of no cause and right of action. The trial court further ordered that the sale between Ms. Vanderwater and DeVos and Martin be set aside and declared invalid. All claims by DeVos and Martin against Robin Hooter were dismissed. All costs were assessed against DeVos and Martin. The judgment was signed on April 9, 2018, from which DeVos and Martin have now timely appealed.

### ASSIGNMENTS OF ERROR

1) The trial court erred as a matter of law in finding that the Notice of Lis Pendens filed on August 28, 2017, was valid notice that

4

satisfied the requirements of *Louisiana Code of Civil Procedure* articles 3751 and 3752.

2) The trial court erred in permitting a Notice of Lis Pendens which encompassed any property of a potential debtor to be declared valid prior to the rendition of a judgment.

3) The trial court erred by failing to grant the Writ of Mandamus and Declaratory Judgment in favor to DeVos and Martin.

4) The trial court erred in permitting expert opinion testimony from Marion French and Michael Tudor on the ultimate issue of law.

5) Because the trial court found the August 2017 Notice of Lis Pendens valid, it pretermitted the issue of whether the January 5, 2018, Notice of Lis Pendens could have retroactive effect. The trial court erred in failing to invalidate the January 2018 Notice of Lis Pendens.

## STANDARD OF REVIEW

This case poses a question of law, which requires a determination of whether the August 2017 notice of lis pendens filed in this case meets the statutory requirements of La.Code Civ.P. arts. 3751 and 3752. Accordingly, the appropriate standard of review is *de novo*. A *de novo* review simply asks whether the trial court was legally correct or legally incorrect. *Domingue v. Bodin,* 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. "[T]he appellate court assigns no special weight to the trial court." *Id.* at 657. Instead, the appellate court reviews the record in its entirety and determines "whether the trial court's decision was legally correct in light of the evidence." *Id.*

## LAW AND DISCUSSION

"The purpose of a notice of lis pendens is to give effective notice to third persons of the pendency of an action affecting title to, or asserting a mortgage or lien on, immovable property. La[.Code Civ.P. art.] 3751." *L.E.C., Inc. v. Collins*, 332 So.2d 565, 568 (La.App. 1 Cir. 1976)*; See also Karst v. Fryar*, 430 So.2d 318 (La.App. 3 Cir. 1983).

The Louisiana Supreme Court in *Cimarex Energy Co. v. Mauboules*, 09-1170, pp. 19-20 (La. 4/9/10), 40 So.3d 931, 944, discussed the history of the jurisprudence of the public records doctrine and stated:

> The public records doctrine has been described as a negative doctrine because it does not create rights, but, rather, denies the effect of certain rights unless they are recorded. Title, *supra* at § 8.16; *Camel*, 526 So.2d at 1089-1090; *Phillips v. Parker*, 483 So.2d 972, 975 (La.1986). In explaining the negative nature of the doctrine, this Court has stated that third persons are not allowed to rely on what is contained in the public records, but can rely on the absence from the public records of those interests that are required to be recorded. *Camel,* 526 So.2d at 1090 [citing Redmann, *The Louisiana Law of Recordation: Some Principles and Some Problems*, 39 Tul. L.Rev. 491 (1965) ]. The primary focus of the public records doctrine is the protection of third persons against unrecorded interests. *Camel*, 526 So.2d at 1090; *Phillips*, 483 So.2d at 976.

Louisiana Code of Civil Procedure Articles 3751 and 3752 govern the necessary recording process and the required elements for a notice of lis pendens to be validly executed:

Article 3751:

> The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.

Article 3752:

> A. The notice referred to in Article 3751 shall be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party showing the name of the persons against whom it is to be effective, the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and object thereof, and the description of the property sought to be affected thereby.
>
> B. This notice shall be recorded in the mortgage office of the parish where the property to be affected is situated and has effect from the time of the filing for recordation. The notice shall cease to have effect after ten years from the date of its filing for recordation. Nevertheless, if the action or proceeding

6

is still pending, the notice may be reinscribed by refiling the notice. A reinscription of the notice that is filed before the effect of recordation ceases continues that effect for five years from the day the notice is reinscribed.

A panel of this court in *Trouth Air Conditioning & Sheet Metal, Inc. v. Bay Electric Co., Inc.*, 17-529, p. 3 (La.App. 3 Cir. 8/23/17), 226 So.3d 552, 555 provided:

[O]ur law states that lis pendens is stricti juris and 'any doubt concerning the application of lis pendens must be resolved against its application.' *Rayner v. Evangeline Bank & Trust Co.*, 17-75, p. 4 (La.App. 3 Cir. 5/10/17), 219 So.3d 1122 (quoting *Robbins v. Delta Wire Rope, Inc.*, 15-1757, p. 7 (La.App. 1 Cir. 6/3/16), 196 So.3d 700, 705).

Additionally, La.R.S. 1:3 provides with respect to the interpretation of a statute as follows:

Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

The word "**shall**" is mandatory and the word "may" is permissive. (Emphasis ours.)

Therefore, with the necessary framework in place for the interpretation of the validity of the August 2017 notice filed by Ms. Le, we will address assignments of error raised by DeVos and Martin.

***Assignment of Error One -Validity Of The Notice of Lis Pendens***

DeVos and Martin urge in their first assignment of error that the August 2017 notice filed in conjunction with the lawsuit for specific performance filed by Ms. Le on August 28, 2017 does not meet the specific requirements of La.Code Civ.P. art. 3752. More specifically, they argue that the August 2017 notice filed on behalf of Ms. Le is defective for the following reasons:

a. The Notice of Lis Pendens does not describe the "object thereof" as

required by *Louisiana Code of Civil Procedure* article 3752;

    b. The Notice of Lis Pendens does not contain any description (either legal or municipal) of the property for which the Notice is allegedly to be enforced in contravention of *Louisiana Code of Civil Procedure* article 3752.

The August 2017 notice filed by Ms. Le in conjunction with her lawsuit for specific performance filed on August 28, 2017 stated as follows:

**CIVIL SUIT NO. 259,736 E**

BILLIE THI LE                 9TH JUDICIAL DISTRICT COURT

VERSUS                         PARISH OF RAPIDES

LEEANNA VANDERWATER    STATE OF LOUISIANA

**NOTICE OF LIS PENDENS**

    Please take notice that in the above captioned suit one of the defendants[plaintiffs] is **BILLIE THI LE**, a citizen and resident of Rapides Parish, Louisiana.  It has been alleged that LEEANNA VANDERWATER is justly, truly, and legally indebted unto the **BILLIE THI LE** for specific performance in the above captioned suit.

    Any individual seeking to acquire an interest in any property owned by **LEEANNA VANDERWATER** or a security interest thereon are hereby notified that any acquisition or rights may be subject to the above captained suit and demands made therein.

There is no dispute that the August 2017 notice filed on behalf of Ms. Le on August 28, 2017, was recorded in the mortgage records two weeks prior to the September 13, 2017 closing of the sale to DeVos and Martin of Ms. Vanderwater's property located at 5815 Bruyninckx, Alexandria, Louisiana.  It is also undisputed that neither Ms. McManus nor Mr. French examined the mortgage records subsequent to the filing of the August 2017 notice.  Therefore, the primary issue is whether the August 2017 notice filed by Ms. Le was valid.

Article 3752(A) (emphasis ours) requires that the notice of lis pendens:

**[S]hall** be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party showing the name of the persons

8

against whom it is to be effective, the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and **object thereof, and the description of the property sought to be affected thereby.**

DeVos and Martin agree that "There is no issue that the title, docket number, date of filing, court of record, and the signature of counsel of record is present in the August 2017 Notice of Lis Pendens."  Although the August 2017 notice identifies Ms. Le as a defendant, it is clear that the basis of the August 2017 notice is that Ms. Vanderwater is subject to a suit for specific performance.  However, DeVos and Martin argue that there is "no object set forth" and "there is no municipal or legal description" contained in the August 2017 notice.

### *No Specific Object Stated In The August 2017 Notice*

The August 2017 notice at issue refers to "any property owned by LEEANNA VANDERWATER or a security interest thereon."  Although subsequent testimony provided that Ms. Vanderwater only owned the property at issue, DeVos and Martin argue that the term "property" in conjunction with a lien is overly broad.  Louisiana Civil Code Article 448 provides, "Things are divided into common, public, and private; corporeals and incorporeals; and movables and immovables."  Therefore, the August 2017 notice as written does not clearly define the "object thereof," and does not meet the requirements of La.Code Civ.P. art. 3752.

### *Failure to Include Either a Municipal Address Or Property Description*

The August 2017 notice at issue provides that "**any acquisition or rights may be subject to the above captioned suit [Civil Suit No. 259,736 E] and demands made therein**." (emphasis added)  On its face it is clear that the "**description of the property sought to be affected thereby**," as required by La.Code Civ.P. art. 3752(A) (emphasis added) is not included in the August 2017

notice. Instead, in order to determine the property what is the subject of the lien, an individual would then be required to search the civil suit records in order to obtain the municipal address of the property, 5815 Bruyninckx, Alexandria, Louisiana. In *Cardinal Federal Savings Bank v. Corp. Towers Partners, Ltd.*, 629 So.2d 462, 465 (La.App. 3 Cir. 1993), *writ denied,* 634 So.2d 396 (La.1994), a panel of this court found, "there is no law or jurisprudence which considers the suit index the 'public records' for purposes of title searches."

Although Ms. Le later filed a January 5, 2018 notice which did contain the municipal address of the property at issue in conjunction with her first supplemental and amending complaint, this action by Ms. Le did not cure the deficiency in the August 2017 notice. We find that the act of sale conveying the property to DeVos and Martin took place on September 13, 2017, months before the January 2018 notice was filed. Louisiana Civil Code Article 3347 controls and provides, "The effect of recordation arises when an instrument is filed with the recorder and is unaffected by subsequent errors or omissions of the recorder. An instrument is filed with a recorder when he accepts it for recordation in his office." Accordingly, the January 5, 2018 notice only serves to give notice to any third person after the date it was filed, and does not relate back to the August 2017 notice at issue. Accordingly, we find that the August 2017 notice does not contain the required "description of the property sought to be affected thereby" as required by La.Code Civ.P. art. 3752 (A).

### Trial Court's Ruling

The trial court in its reasons for judgment found that DeVos and Martin "only learned about the problems in the month of December when the suit was filed back in September." The trial court continued with its reasons and found:

It is my finding today that based on Mr. French and Mr. Tudor's testimony that Joint [Exhibit] Six [the August 28, 2017 notice], the document itself, is filed in the mortgage records, and it's listed in the daily filings report, provided enough notice of a pending action to satisfy [Article] 3751. That would draw attention of any public searching records that Leeanna Vanderwater was involved in an action.

The trial court then discussed the application of La.Code Civ.P. art. 3752 to the contents of the August 28, 2017 notice and found:

No, the document is not perfect. However both testified (sic) by French and Tudor, it would've prompted further inquiry. And I cited also from *Carr* [v.] *Oak Tree*, which states that: "The guidelines indicate that errors in a recorded document do not automatically preclude the effectiveness of a document against third parties, third persons. Determinations concerning the sufficiency of notice in the public records must be decided on a case-by-case basis." And this, I felt like, was one of those cases that needed to be a case-by-case basis review, looking closely at what the abstractor missed completely, so that it deprived them of an opportunity to know what Joint Six meant.

The trial court cited *Carr v. Oaktree Apartments*, 45,514 (La.App. 2 Cir. 8/11/10), 46 So.3d 793, *writ denied*, 10-2092 (La. 11/12/10), 49 So.3d 896, to support its ruling that the August 2017 notice was valid pursuant to La.Code Civ.P. art. 3752, and thus served its intended purpose to give notice to DeVos and Martin of the pending claim for specific performance by Ms. Le. The trial court found that errors in the recorded document, such as the different spelling of the name of the apartment complex in *Carr*, "do not automatically preclude the effectiveness of the document." *Id.* However, in this case the failure to give any property description, either legal or municipal, is not an error but an omission. Under the required strict statutory interpretation of La.Code Civ.P. art. 3752, this omission renders the August 28, 2017 notice invalid.

We find the trial court erred in first making a legal determination that the August 2017 notice would have been sufficient to give notice of the pending litigation without first examining whether the August 2017 notice met the strict

11

statutory requirements of La.Code Civ.P. art. 3752 to constitute a valid notice of lis pendens.

This omission under the required strict statutory interpretation of La.Code Civ.P. art. 3752, coupled with the failure of the August 2017 notice to clearly define the "object thereof," renders the August 28, 2017 notice invalid and requires reversal of the trial court's April 9, 2018 judgment in favor of Ms. Le.

Having found merit in assignment of error one asserted by DeVos and Martin, we pretermit any further discussion of their three remaining assignments of error.

## CONCLUSION

Considering the foregoing, the April 9, 2018 judgment of the trial court is reversed. The petition for a writ of mandamus filed on behalf of Michaela Jordan DeVos and John Scott Martin is hereby granted. The Clerk of Court for Rapides Parish, Robin Hooter, is ordered to cancel the notice of lis pendens filed on August 28, 2017 on behalf of Billie Thi Le in the mortgage records of Rapides Parish in Book 3036, Page 630. Costs for the cancellation, all costs of court, as well as costs of this appeal are assessed to Billie Thi Le.

**REVERSED AND RENDERED.**

BILLIE THI LE

VERSUS

LEEANNA VANDERWATER LU, ET AL.

Consolidated With
18-655

MICHAELA ELOUISE JORDON DEVOS, ET AL.

VERSUS

ROBIN L. HOOTER, IN HER OFFICIAL CAPACITY AS RAPIDES
PARISH CLERK OF COURT

**Keaty, J., dissenting:**

I respectfully dissent from the majority opinion as I find that it applies a more rigid and onerous standard than that which the law requires. As Judge Conery correctly notes, "[t]he primary focus of the public records doctrine is the protection of third persons against unrecorded interests." *Cimarex Energy Co. v. Mauboules*, 09-1170, p. 20 (La. 4/9/10), 40 So.3d 931, 944.

In *Voelkel v. Harrison*, 572 So.2d 724, 726-27 (La.App. 4 Cir. 1990) (emphasis added), *writ denied,* 575 So.2d 391 (La.1991), the fourth circuit made the following observations about the public records doctrine:

> Under the public records doctrine, third persons need only to look to the public records to determine adverse claims. See *McDuffie v. Walker*, 125 La. 152, 51 So. 100 (1909). All persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property. *Thomas v. Lewis*, 475 So.2d 52 (La.App. 2nd Cir.1985); *Wells v. Joseph*, 234 La. 780, 101 So.2d 667 (1958).

> The jurisprudence has established some guidelines to determine when recorded instruments place a third party on inquiry as to the title

and/or description of the property involved. However, the criteria is not precise. A review of the jurisprudence reveals that the determinations of the **sufficiency of notice must be decided on a case by case basis**. *Watterson v. Magee,* 498 So.2d 30 (La.App. 1st Cir.1986). **Where a recorded instrument has language that fairly puts a third person on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own peril**. *Wells v. Joseph, supra; Brown v. Johnson,* 11 So.2d 713 (La.App. 2nd Cir.1942); *Florida Gas Exploration Company v. Bank of St. Charles and Trust Company,* 435 So.2d 535 (La.App. 5th Cir.1983); *Judice–Henry–May–Agency, Inc. v. Franklin,* 376 So.2d 991 (La.App. 1st Cir.1979), *writ denied,* 381 So.2d 508 (La.1980). **When one is put on inquiry as to title, availing one's self of "means and facilities at hand" requires an examination of any necessary public records, but not a wide ranging search of unrecorded documents**. *Judice–Henry–May–Agency,* [376 So.2d 991].

The Louisiana Supreme Court has held that the description of real property in a mortgage or deed, although such description may be inaccurate or faulty, is sufficient to serve as notice to third parties dealing with that property if the description is adequate to enable the court to locate and identify the property with certainty, and if it is not so inaccurate or faulty as to be misleading.

*See also Carr v. Oaktree Apartments*, 45,514, pp. 6-7 (La.App. 2 Cir. 8/11/10), 46 So.3d 793, 797, (emphasis added), *writ denied,* 10-2092 (La. 11/12/10), 49 So.3d 896.

At the March 21, 2018 hearing in this matter, Mr. Marion French, DeVos's former closing attorney testified that if he had checked the title of the Vanderwater property, he would have "come across" the August 28, 2017 Notice of Lis Pendens, and he would have brought it to the attention of his clients. Thereafter, Mr. Michael Tudor, Ms. Le's real estate attorney, testified that the August 28, 2017 Notice of Lis Pendens created a "potential cloud" on the title of the property. As a result, he would have noted it on any title opinion that he prepared regarding the property, he would have made his clients aware of it, and he would have investigated the status of its effect on the title to the property.

2

Given the foregoing testimony, I believe that the August 28, 2017 Notice of Lis Pendens was sufficient to put third parties on notice of an adverse claim related to the immovable property at issue. I also believe that a reasonably prudent closing attorney and/or abstractor should have rechecked the mortgage records closer to the September 13, 2017 act of sale of the property from Ms. Vanderwater to DeVos and Martin. Accordingly, I would affirm the appealed judgment.