Keaty, J., dissenting:
I respectfully dissent from the majority opinion as I find that it applies a more rigid and onerous standard than that which the law requires. As Judge Conery correctly notes, "[t]he primary focus of the public records doctrine is the protection of third persons against unrecorded interests." Cimarex Energy Co. v. Mauboules , 09-1170, p. 20 (La. 4/9/10), 40 So.3d 931, 944.
In Voelkel v. Harrison , 572 So.2d 724, 726-27 (La.App. 4 Cir. 1990) (emphasis added), writ denied, 575 So.2d 391 (La.1991), the fourth circuit made the following observations about the public records doctrine:
Under the public records doctrine, third persons need only to look to the public records to determine adverse claims. See McDuffie v. Walker , 125 La. 152, 51 So. 100 (1909). All persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property. Thomas v. Lewis , 475 So.2d 52 (La.App. 2nd Cir.1985) ; Wells v. Joseph , 234 La. 780, 101 So.2d 667 (1958).
The jurisprudence has established some guidelines to determine when recorded instruments place a third party on inquiry as to the title and/or description of the property involved. However, the criteria is not precise. A review of the jurisprudence reveals that the determinations of the sufficiency of notice must be decided on a case by case basis . Watterson v. Magee, 498 So.2d 30 (La.App. 1st Cir.1986). Where a recorded instrument has language that fairly puts a third person on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own peril . Wells v. Joseph, supra ; Brown v. Johnson, 11 So.2d 713 (La.App. 2nd Cir.1942) ; Florida Gas Exploration Company v. Bank of St. Charles and Trust Company, 435 So.2d 535 (La.App. 5th Cir.1983) ;
*990 Judice-Henry-May Agency, Inc. v. Franklin, 376 So.2d 991 (La.App. 1st Cir.1979), writ denied, 381 So.2d 508 (La.1980). When one is put on inquiry as to title, availing one's self of "means and facilities at hand" requires an examination of any necessary public records, but not a wide ranging search of unrecorded documents . Judice-Henry-May Agency, [376 So.2d 991 ].
The Louisiana Supreme Court has held that the description of real property in a mortgage or deed, although such description may be inaccurate or faulty, is sufficient to serve as notice to third parties dealing with that property if the description is adequate to enable the court to locate and identify the property with certainty, and if it is not so inaccurate or faulty as to be misleading.
See also Carr v. Oaktree Apartments , 45,514, pp. 6-7 (La.App. 2 Cir. 8/11/10), 46 So.3d 793, 797, (emphasis added), writ denied, 10-2092 (La. 11/12/10), 49 So.3d 896.
At the March 21, 2018 hearing in this matter, Mr. Marion French, DeVos's former closing attorney testified that if he had checked the title of the Vanderwater property, he would have "come across" the August 28, 2017 Notice of Lis Pendens, and he would have brought it to the attention of his clients. Thereafter, Mr. Michael Tudor, Ms. Le's real estate attorney, testified that the August 28, 2017 Notice of Lis Pendens created a "potential cloud" on the title of the property. As a result, he would have noted it on any title opinion that he prepared regarding the property, he would have made his clients aware of it, and he would have investigated the status of its effect on the title to the property.
Given the foregoing testimony, I believe that the August 28, 2017 Notice of Lis Pendens was sufficient to put third parties on notice of an adverse claim related to the immovable property at issue. I also believe that a reasonably prudent closing attorney and/or abstractor should have rechecked the mortgage records closer to the September 13, 2017 act of sale of the property from Ms. Vanderwater to DeVos and Martin. Accordingly, I would affirm the appealed judgment.