845 So.2d 370 (2002)
Barbara Dupre Wife of/and Ferrel DUPRE
v.
John FLOYD, M.D., Victor Tedesco, M.D., Charles Ledoux, M.D., and Terrebonne General Medical Center.
No. 2002 CA 0153.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
Estelle Mahoney, Louis St. Martin, Stephen J. Johnson, Houma, Counsel for Plaintiffs/Appellants Barbara Dupre and Ferrell Dupre.
Stacy LeCompte, Joseph Reilly, Houma, Counsel for Defendants/Appellees John Floyd, M.D., Victor Tedesco, M.D., and Charles LeDoux, M.D.
Carl T. Conrad, Houma, Counsel for Defendant/Appellee Hospital Service District No. 1 of Terrebonne Parish, the owner and opeator of Terrebonne General Medical Center.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Plaintiffs, Barbara and Ferrel Dupre, appeal from a judgment dismissing with prejudice their suit against Hospital Service District No. 1 of Terrebonne Parish, the owner and operator of Terrebonne General Medical Center (TGMC). For the reasons that follow, we amend that portion of the judgment dismissing the action to provide that the dismissal is "without prejudice" and affirm.

FACTS AND PROCEDURAL HISTORY
On February 26, 2001, Barbara and Ferrel Dupre (Dupre's) in proper person filed a petition for damages naming as defendants John Floyd, M.D., Victor Tedesco, M.D., Charles LeDoux, M.D., and Terrebonne General Medical Center. The petition contained service information, but by notation dated February 26, 2001, Barbara Dupre requested that service be withheld. Thereafter, on May 30, 2001, TGMC filed a declinatory exception raising the objection that service was not timely requested. A hearing on the exception was held on June *371 29, 2001, and in a judgment rendered and signed in open court, the district court found that the insufficiency of service of process under La. C.C.P. art. 1201(C) was not a defect in the proceeding which plaintiffs could cure by amendment or other action, and therefore dismissed plaintiffs action against TGMC with prejudice. It is from this judgment that the Dupre's now appeal, asserting that the district court erred in dismissing their action with prejudice based on their failure to request service within the ninety-day period as provided in La. C.C.P. art. 1201(C).

DISCUSSION
Defendants, John Floyd, M.D., Victor Tedesco, M.D., and Charles LeDoux, M.D., filed a motion to dismiss on June 4, 2001, for plaintiffs failure to comply with the citation and service requirements of La. C.C.P. art. 1201. In a judgment signed on July 27, 2001, the trial court granted defendants' motion and dismissed plaintiffs' case without prejudice. However, TGMC filed a declinatory exception praising the objection that service was not timely requested. Therefore, because TGMC filed a declinatory exception, rather than a motion to dismiss pursuant to La. C.C.P. art. 1672(C), the relevant procedural articles are La. C.C.P. arts. 925 and 932.
The exception of insufficiency of service of process is one of the declinatory exceptions enumerated in La. C.C.P. art. 925. When a judgment is rendered sustaining a declinatory exception, La. C.C.P. art. 932 provides the following:
When the grounds of the objection pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice. [Emphasis added.]
According to this language, the Code allows for an action to be dismissed when service of process is insufficient, but it neither mandates that such dismissal be "with prejudice" nor does it require that the dismissal be "without prejudice." See Maxwell v. Swain, 524 So.2d 826, 827 (La. App. 3rd Cir.1988).
The function of a declinatory exception is to decline the jurisdiction of the court, but it does not tend to defeat the action. La. C.C.P. art 923. However, La. C.C.P. arts. 1673 and 1841 state that a dismissal with prejudice has the effect of a final judgment on the merits. A dismissal with prejudice based on the declinatory exception of insufficiency of service of process would therefore defeat the action, due to the operation of res judicata upon any refiled action, which is contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action. See Maxwell v. Swain, 524 So.2d at 827. Therefore, we conclude that a judgment of dismissal based on an exception of insufficiency of service of process should be dismissed without prejudice, and it was error for the district court to dismiss the Dupre's action with prejudice for failure to timely serve their petition. See Augustine v. Celebration Station, 99-0962 (La.7/2/99), 747 So.2d 3; Thomas v. Quality Inn Westbank, 01-379 (La.App. 5th Cir.11/27/01), 802 So.2d 930; Spears v. Parish of Jefferson, 00-332 (La.App. 5th Cir.10/18/00), 772 So.2d 747.

CONCLUSION
For the foregoing reasons, we amend that portion of the district court's judgment *372 dismissing the Dupre's suit "with prejudice" to provide that such dismissal be "without prejudice." All costs of this appeal are to be borne by the appellee, Hospital Service District No. 1 of Terrebonne Parish, the owner and operator of Terrebonne General Medical Center.
AMENDED. AFFIRMED AS AMENDED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring with reasons.
Although Louisiana Code of Civil Procedure article 932 provides the procedure following the sustaining of article 925 declinatory exceptions, Code of Civil Procedure article 1672(C) is more directly related to the lack of service at issue in this case. Code of Civil Procedure article 1672(C) specifically addresses the failure to serve a named defendant "within the time proscribed by [a]rticle 1201(C) ...." Thus, under the particular facts here, procedural article 1672(C) controls and mandates dismissal of the action "without prejudice ...." For these reasons, I respectfully concur in the result.