PETTIGREW, J.
laThis is a personal injury action brought by Brandon Robbins, an employee of Swivel Rental and Supply, LLC (“Swivel”), arising out of an accident where Mr. Robbins was injured while working on a rig operated by Grosse Tete Well Service, Inc. (“Grosse Tete”). Mr. Robbins brought his cause of action in the 18th Judicial District Court, but did not name his employer, Swivel, as a defendant. However, Swivel intervened in the suit in order to obtain a declaratory judgment stating it owed no defense or indemnification to Grosse Tete, which had filed suit against Swivel in Harris County, Texas, pursuant to a contractual forum selection clause. Grosse Tete subsequently filed declinatory exceptions raising the objections of improper venue and lis pendens, which were granted by the trial court. Swivel now seeks this court’s review and reversal of that judgment, arguing that the forum selection clause is unenforceable because the relief being sought in Texas is in derogation of Louisiana public policy as articulated in the Louisiana Oilfield Anti-Indemnity Act (“LOAIA”), La. R.S. 9:2780. For the reasons that follow, we vacate in part and affirm in part as amended.
FACTS AND PROCEDURAL HISTORY
On September 15, 2012, Mr. Robbins, who was working as a tong operator in the course and scope of his employment with Swivel, sustained injuries while working on a rig owned by Hilcorp Energy Company (“Hilcorp”) and operated by Grosse Tete. According to the record, a cable purchased from Delta Wire Rope, Ine. snapped, thereby causing a large metal block and hook assembly to fall on Mr. Robbins’ head. It is undisputed that, at the time of the accident, Swivel and Grosse Tete were subcontractors of Hilcorp. Grosse Tete was also working on Hilcorp’s well at the time of the accident. Following his injury, Mr. Robbins brought suit against several defendants in the 18th Judicial District Court, including Grosse Tete.
Swivel was hired by Hilcorp to provide services in connection with Hilcorp’s land well located in Louisiana. Their agreement was memorialized in a Master Service Contract (“MSC”), dated August 25, 2009; Grosse Tete was not a party to the contract. There are |atwo sections within the MSC that are of great import to this appeal. Section 16 provides that Swivel indemnify and defend Hilcorp, as follows:
16. INDEMNITIES
(a) [Swivel] agrees to protect, defend, indemnify and hold each of [Hilcorp], its affiliates and its and their shareholders, partners, directors, officers, employees, agents, insurers, contractors and subcontractors (other than [Swivel]), co-lessees, co-owners, and joint venturers (collectively, “Company Group”) harmless from and against all claims, demands, and causes of action, including attorney’s fees, of every type and character, without limit and without regard to the cause or causes thereof, which arise out of or *703 are related in any way to the subject matter 'of this Contract and which:
(i) are asserted for any damage to or destruction of [Swivel’s] tools, equipment, or other materials from any cause while in use on [Hilcorp’s] property; or
(ii) are asserted by or arise in favor of any of the subcontractors, agents, representatives, or employees of [Swivel] or its subcontractors and/or their spouses or relatives due to bodily injury, personal injury, death, or loss or damage of property;
WHETHER OR NOT CAUSED BY THE SOLE. JOINT AND/OR CONCURRENT NEGLIGENCE OR FAULT OF THE COMPANY GROUP ....
Section 28 provides the forum selection/choiee of law clause, as follows:
28. CHOICE OF LAW
THIS CONTRACT SHALL BE CON-STRUED AND ENFORCED IN ACCORDANCE WITH THE GENERAL MARITIME LAW OF THE UNITED STATES WHENEVER ANY PERFORMANCE IS CONTEMPLATED IN, ON OR ABOVE NAVIGABLE WATERS, WHETHER ONSHORE OR OFFSHORE, IN ALL OTHER INSTANCES, THE INTERNAL LAWS OF THE STATE OF TEXAS SHALL APPLY, WITHOUT CONSIDERING ANY CONFLICT OF LAW PRINCE PLES. THE VENUE OF ANY LITIGATION BETWEEN THE PARTIES SHALL BE IN HARRIS COUNTY, TEXAS.
Pursuant to the MSC, Grosse Tete demanded Swivel defend and indemnify Grosse Tete in this suit. When Swivel refused to do so, Grosse Tete filed suit against Swivel in Harris County, Texas, for breach of contract and enforcement of same. Swivel then petitioned to intervene in the 18th Judicial District Court action, seeking a declaratory judgment that Grosse Tete was not entitled to a defense or indemnity under the MSC because it was against Louisiana public policy.
| ¿Grosse Tete then filed declinatory exceptions raising the objections of improper venue and Us pendens, arguing that a suit to determine the validity of the MSC and the parties’ respective rights and responsibilities had already been filed in Harris County, Texas, which is where the forum selection clause stated suit regarding the agreement be brought. Swivel opposed Grosse Tete’s exceptions, arguing that the MSC’s forum selection clause was null because the clause that Grosse Tete was seeking to enforce was against public policy in Louisiana. Swivel further asserted that Grosse Tete had no right to assert the provisions of the MSC to which it was not a party.
On February 5, 2015, after a hearing on the exceptions, where Mr. Robbins also argued in opposition of having the contract litigation in Texas due to inconvenience, the trial court sustained Grosse Tete’s exceptions and dismissed Swivel’s petition of intervention, with prejudice. The trial court signed a judgment in accordance, with these findings on March 11, 2015.
Following the trial, court’s judgment on Grosse Tete’s exceptions, Swivel sought a supervisory writ of review with .this court. Upon consideration, Swivel’s writ .was granted with the following order: •
WRIT GRANTED WITH ORDER.
The district court’s judgment dated March 11, 2015, dismissing the relator’s petition of intervention, is a final, ap-pealable judgment. Therefore, it is hereby ordered that this case be remanded to the district court with instruction to grant the relator an appeal pursuant to the February 18, 2015 *704 pleading notifying the district, court of the relator’s intention to seek writs. See In re Howard, 541 So.2d 195 (La.1989) (per curiam). In the event relator seeks to appeal the March 11,2015 judgment, it shall submit an order for appeal to the district court within thirty days of this Court’s order. A copy of this Court’s action is to be included in the appellate record.
Robbins v. Delta Wire Rope, Inc., 2015-0411 (La.App. 1 Cir. 7/13/15) (unpublished writ action). This appeal by Swivel followed.
THE APPEAL
Swivel assigns error to the trial court’s judgment “sustaining Grosse Tete’s exception by finding the forum selection clause enforceable when such clause is contained in a contract providing for defense and indemnity and'when Grosse Tete filed suit in a Texas state court seeking relief expressly prohibited by Louisiana public policy |fias stated in the [LOAIA], La. R.S. 9:2780.” The issue presented for our review is as follows: “[w]hether a forum selection clause calling for suit in Texas in a contract subject to the [LOAIA], La. R.S. 9:2780, is enforceable when such clause is asserted in an effort to seek defense and indemnity, a remedy expressly prohibited by the LOAIA.”
Swivel argues that the forum selection clause in the MSC is invalid and that determination of the indemnity issue should be made by a Louisiana court. Swivel contends that because Grosse Tete is attempting to enforce a clause (the indemnity clause) that Swivel argues would be against public policy in Louisiana and therefore null and void, the forum selection clause that determines where the action regarding the null clause is tried, should also be null and void. Grosse Tete counters that there is no public policy against the chosen forum, Texas, deciding the ultimate issue — whether the indemnity clause is enforceable — despite Louisiana having a strong interest in enforcing the LOAIA. Grosse Tete further argues that Texas has a similar anti-indemnity law, which makes it very competent to decide this issue as well.
As previously discussed, the trial court rendered judgment in this case on March 11, 2015, sustaining the improper venue and lis pendens exceptions filed by Grosse Tete and dismissing, with prejudice, Swivel’s petition of intervention. We note that Swivel did not make any arguments on appeal as to why Grosse Tete’s lis pendens exception should not have been sustained. Rather, Swivel asks this court to first determine that the LOAIA was applicable in this case in order to find the indemnity clause unenforceable, and then expand that unenforceability • to the forum selection clause within the MSC. Because we find the trial court did not abuse its discretion in sustaining Grosse Tete’s lis pendens exception, we pretermit discussion of the venue argument as that goes to the merits of the forum selection clause and the indemnity clause issues, which can be-litigated in the Texas action. However, because we find it was premature for the trial court to rule on the venue issue until the merits of the forum selection clause and the indemnity clause issues were litigated, we vacate that portion of the March 11, 2015 judgment that granted Grosse Tete’s exception raising the objection of venue.
JjANALYSIS
When a suit is brought in a Louisiana court while another suit is pending in another court, the applicable law of lis pendens, set forth in La. Code Civ. P. art. 532, provides:
When a suit is brought in a Louisiana court while another- is pending in a court *705 of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.
By indicating that the court “may stay” the proceedings, this article establishes that the decision rests in the sound discretion of the trial court and cannot be overturned on review absent a clear abuse of that discretion. See Rivers v. Bo Ezernack Hauling Contractor, LLC, 2009-1495, p. 3 (La.App. 3 Cir. 5/5/10), 37 So.3d 1088, 1090.
Since the requirements for establishing lis pendens conform to the requirements of res judicata, the test for lis pen-dens is whether a final judgment in the first suit would be res judicata in the subsequently , filed suit. Code v. Department of Public Safety and Corrections, 2011-1282, p. 8 (La.App. 1 Cir. 10/24/12), 103 So.3d 1118, 1125, writ denied, 2012-2516 (La.1/23/13), 105 So.3d 59. Under La. R.S. 13:4231,, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that was the subject matter of the first suit. Leon v. Moore, 98-1792, p. 4 (La.App. 1 Cir. 4/1/99), 731 So.2d 502, 504, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20.
An identity of parties exists whenever the same parties, their successors, or others appear, so long as they share’ the same quality as parties. Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978); Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993, pp. 16-17 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 140, writ denied, 2004-2426 (La.1/28/05), 893 So.2d 72. Thus, the jurisprudence does not require that the parties in the two lawsuits be physically identical as long as they 17share the same quality as parties. Jensen Const. Co. v. Department of Transp. and Development, 542 So.2d 168, 171 (La.App. 1 Cir.), writ denied, 544 So.2d 408 (La.1989). In considering whether ah identity of parties existed for res judicata purposes, the Louisiana Supreme Court stated in Mandalay, that the preclusive effect of a judgment binds the parties to. the action, as well as those nonparties who are deemed “privies” of the parties in circumstances where'“the honparty’s interests were adequately represented by a party to the action, who may be considered, the Virtual representative’ of the nonparty, because the interests of the party and the nonparty are so closely aligned.” Mandalay, 2001-0993 at 19, 880 So.2d at 142.
Finally, lis pendens and res judica-ta are known as preclusion doctrines, and preclusion doctrines are stricti juris. Thus, any doubt concerning the application of lis pendens must be resolved against its application. Code, 2011-1282 at 8, 103 So.3d at 1125.
In the instant matter, an examination of the pertinent-petitions reveals that the same parties, Grosse Tete and Swivel, are unquestionably involved in .both the Texas action as well as the intervention in Louisiana., Furthermore, it appears that the two suits arise from the same transaction or occurrence. In the Texas action, Grosse Tete asserted a cause of action against Swivel for breach* of contract and to enforce the indemnity clause found in the. MSC, so that Swivel may defend *706 Grosse Tete in the tort suit in Louisiana; and in the Louisiana action, Swivel intervened in the tort suit, asking the trial court to declare the MSC, or at least its applicable indemnity clause, null so that it would not have to defend or indemnify Grosse Tete.
Therefore, the trial court properly sustained Grosse Tete’s lis pendens exception as to Swivel’s petition of intervention in the Louisiana action. However, we find that the trial court erred in dismissing Swivel’s petition of intervention with prejudice. The function of a declinatory exception is to decline the jurisdiction of the court, but it does not tend to defeat the action. La. Code Civ. P. art. 923; Dupre v. Floyd, 2002-0153, p. 3 (La.App. 1 Cir. 12/20/02), 845 So.2d 370, 371. Hence, a dismissal with prejudice is generally contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action. Id. Moreover, Article 532 only provides for a stay of the proceedings.[1] Thus, we affirm the trial court’s grant of Grosse Tete’s lis pen-dens exception, but we amend the judgment to.provide that Swivel’s intervention is stayed until the Texas action is either “discontinued or final judgment has been rendered.” La. Code Civ. P. art. 532.
CONCLUSION
For the above and foregoing reasons, we vacate that portion of the trial court’s March 11, 2015 judgment that granted Grosse Tete’s exception raising the objection of venue. We affirm that portion of the trial court’s March 11, 2015 judgment that granted Grosse Tete’s exception raising the objection of lis pendens, but we amend the judgment to provide that Swivel’s petition of intervention is stayed pending resolution of the Texas action. The main action may proceed.- All costs associated with this appeal are assessed equally between the parties.
VACATED IN PART; AFFIRMED IN PART, AS AMENDED.

. We note that although La. Code Civ. P. art. 531 allows for dismissal "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities,” said dismissal must still be without prejudice so as to not defeat the action. See Capital One, N.A. v. Service Door & Millwork, LLC, 2011-0691 (La.App. 1 Cir. 11/9/11), 2011 WL 5420374, p. 5.