# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 17-75

VERNON L. RAYNER

VERSUS

THE EVANGELINE BANK AND TRUST COMPANY

**********

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 256,986
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION

## JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**WRIT DENIED.**

**George Carnal Gaiennie, III**
**Attorney at Law**
**1920 Jackson St.**
**Alexandria, LA 71301**
**(318) 767-1114**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
      **Vernon L. Rayner**

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**602 Murray Street**
**Alexandria, LA 71301**
**(318) 445-9696**
**COUNSEL FOR DEFENDANT/APPLICANT:**
       **The Evangeline Bank & Trust Company**

**GREMILLION, Shannon, Judge.**

The defendant-relator, Evangeline Bank & Trust Company (the Bank), seeks supervisory writs from the judgment of the Ninth Judicial District Court, which denied exceptions of no cause of action, prematurity, lack of standing, ripeness, lack of justiciable controversy, lack of subject matter jurisdiction, and lis pendens. For the following reasons, we find no error in the trial court's ruling and deny the writ.

## STATEMENT OF THE CASE

The instant case arises from a donation of immovable property from Vernon Rayner (Rayner), plaintiff-respondent, to his daughter, Christine Rayner O'Quinn (O'Quinn). Rayner reserved the usufruct for his lifetime. In 2009 and 2014, O'Quinn obtained four mortgages from the Bank, encumbering the property at issue herein. O'Quinn defaulted on the mortgages in the fall of 2015, and the Bank subsequently filed a petition for executory process against O'Quinn. Rayner intervened therein, and O'Quinn filed for bankruptcy, resulting in a stay of the executory proceeding before the immovable property was sold to satisfy the debt.

Rayner instituted a second proceeding in district court, seeking damages against the Bank for the wrongful seizure of his property and usufruct. Along with its answer to Rayner's petition, the Bank filed exceptions of prematurity, no cause of action, lack of standing, ripeness, lack of justiciable controversy, lack of subject matter jurisdiction, lis pendens, and vagueness or ambiguity. All exceptions were denied, save for the exception of vagueness or ambiguity, which was granted.

Though the Bank actually complains of seven denied exceptions, as a practical matter, it offers only two arguments as to why Rayner's suit against it may not proceed: 1) Nothing has yet occurred for which our civil law provides a

remedy, inasmuch as proceedings were halted before the subject property was seized; and 2) Two other matters were instituted before this suit, which prohibit, or at least forestall, Rayner from moving forward.

## ARGUMENT ONE: PROPERTY HAS NOT BEEN SEIZED

### (Exceptions of No Cause of Action, Lack of Standing, Ripeness,

### and Lack of a Justiciable Controversy)

The Bank's briefing to this court states in pertinent part that it "takes issue" with Rayner's claims because the property has "not been seized/or sold," Rayner "has not been dispossessed of his usufruct" over the property, and the Bank has "not been placed in possession" of the property. Thus, argues the Bank, Rayner has no cause of action, his claim is not ripe, he lacks standing, and a justiciable controversy does not exist. We disagree.

The Bank argues that there is no cause of action for wrongful seizure, because, while it initiated foreclosure proceedings, it had not yet seized the property. In support of its argument, the Bank cites *Dixie Sav. and Loan Ass'n v. Pitre*, 99-154 (La.App. 5 Cir. 7/27/99), 751 So.2d 911, 921, *writ denied*, 99-2867 (La. 12/10/99), 751 So.2d 855, wherein the court noted that "[d]amages for wrongful seizure are allowed after an illegal seizure."

In an exception of no cause of action, there can be no consideration of evidence; rather, at the hearing on the exception, the allegations of the petition are presumed to be true. La.Civ.Code art. 931. Rayner's petition asserts that the bank wrongfully "obtained an order for executory process which ordered issuance of a writ of seizure and sale directing the sheriff to seize and sell" the property. Consequently, Rayner argues the Bank and the sheriff "wrongfully seized his property." Rayner then goes on to allege that numerous renters have received

2

notices from the sheriff indicating that a judge ordered that they be evicted. He further claims that he lost rental income as a result of the Bank's actions.

While we do not address the merits of this claim, we presume them to be true for the purpose of weighing the merits of the exception of no cause of action before us. Accordingly, we find that Rayner has clearly stated a cause of action. The Bank's reliance on *Dixie Sav. and Loan Ass'n v. Pitre* is misplaced. The trial court properly denied the Bank's exception of no cause of action.

At the hearing on the exceptions, counsel for the Bank advised the trial court that many of the exceptions overlapped. Thus, for the same reasons we find the matter ripe, we find that Rayner has standing, and the existence of a justiciable controversy.

## ARGUMENT TWO: PREVIOUSLY-FILED LITIGATION
## PROHIBITS OR FORESTALLS THIS LAWSUIT
**(Exceptions of Prematurity, Subject Matter Jurisdiction, and Lis Pendens)**

In dealing with these exceptions the trial court looked at three separate actions: 1) O'Quinn's proceedings instituted in federal bankruptcy court; 2) The Bank's suit seeking the institution of executory process against O'Quinn, in which Rayner has intervened and which has been stayed by virtue of the bankruptcy; and 3) This state court matter filed by Rayner against the Bank.

With regard to subject matter jurisdiction and prematurity, there is no indication in the record to support the Bank's claim that Rayner intervened in the bankruptcy proceeding. Further, Rayner claims that the bankruptcy proceeding has been dismissed. There is no evidence of that here, either. Even if such evidence were to be found within this writ record, it would likely only constrain or limit the Bank's claims against O'Quinn, since she is the one who filed for bankruptcy.

3

Nevertheless, we can state only that the record before us provides nothing establishing any trial court error as to its denial of the Bank's exceptions of lack of subject matter jurisdiction and prematurity.

That leaves us to consider the Bank's exception of lis pendens. We note first that Rayner did file a motion to intervene in the executory process suit. The trial court issued an order that the intervention be allowed and that Rayner's petition for intervention be filed. However, that same order set a hearing on Rayner's claims, but a hearing was never held because the matter was stayed based on the pendency of the bankruptcy. Thus, were we to maintain the Bank's exception of lis pendens, we would be effectively staying Rayner from pursuing his claims against the Bank, based on a stay arising out of the bankruptcy proceedings instituted by O'Quinn. We find this result mitigates against applying this preclusion doctrine, and exemplifies why our law states that lis pendens is stricti juris and "any doubt concerning the application of lis pendens must be resolved against its application." *Robbins v. Delta Wire Rope, Inc.*, 15-1757, p. 7 (La.App. 1 Cir. 6/3/16), 196 So.3d 700, 705.

That having been stated, we note that both suits involve the same parties in the same capacities (though O'Quinn is not a party to this matter), both suits involve the same transaction or occurrence, and both suits are pending (though the pendency of one of them has been affected by a stay order). Indeed, counsel for the Bank is correct in asserting that portions of Rayner's petitions in both suits are "nearly identical."

Rayner's intervention, though, seeks only to have his usufruct of the property "released" from the threat of seizure and sale. It seeks no damages. In fact, it expressly reserves Rayner's rights to seek damages in another setting. In

4

other words, the intervention was an immediate and limited response necessitated by the exigencies of the Bank's move for executory process. The present petition is not limited to a swiftly-filed counter-move designed merely to prevent the immediate loss of Rayner's rights to the property. Rather, it is a full-blown lawsuit. It is neither summary nor executory. It seeks precisely articulated damages that are not set out at all in the intervention. We, therefore, agree with the trial court's assessment that these two matters are "different beasts."

"[T]he standard of review in the lis pendens context is whether the trial court abused its sound discretion." *George v. Dugas*, 15-939, p. 5 (La.App. 3 Cir. 3/16/16), 188 So.3d 376, 380, *writ denied as improvidently granted*, 16-710 (La. 11/07/16), 203 So.3d 1043. Given the above discussion, and the notion that the lis pendens article states only that the trial court "*may* stay all proceedings in the second suit," we can find no abuse of discretion in the trial court's denial of the Bank's exception of lis pendens. La.Code Civ.P. art. 532 (emphasis added).

## CONCLUSION

We find no error in the trial court's ruling denying defendant-relator, Evangeline Bank & Trust Company's, exceptions of no cause of action, prematurity, lack of standing, ripeness, lack of justiciable controversy, lack of subject matter jurisdiction, and lis pendens. Defendant-relator's writ to this court is denied.

**WRIT DENIED**.