# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-529


TROUTH AIR CONDITIONING &

SHEET METAL, INC.

VERSUS

BAY ELECTRIC CO., INC., AND

LA CREOLE HOSPITALITY 1, LLC


**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-000075
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Shannon J. Gremillion and John E. Conery, Judges.


**WRIT DENIED.**

**Henry R. Liles**
**940 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8529**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**Trouth Air Conditioning & Sheet Metal, Inc.**

**Jeffrey N. Boudreaux**
**John C. Funderburk**
**Joshua J. Coleman**
**Thomas D. Bourgeois**
**Kean Miller LLP**
**P. O. Box 3513**
**Baton Rouge, LA 70802**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPLICANT:**
**LA Creole Hospitality 1, LLC**

**SAUNDERS, Judge.**

Defendant-Relator, LA Creole Hospitality 1, LLC, seeks supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Robert L. Wyatt presiding, which denied Relator's declinatory exception of lis pendens.

## STATEMENT OF THE CASE

The instant litigation and the connected litigation giving rise to the lis pendens issue arise out of a construction project (project) in which Relator, as owner, contracted with Bay Electric Company, Inc. (Bay Electric), as general contractor, to construct a Marriot Residence Inn in Lake Charles. Bay Electric then entered into a subcontract with plaintiff, Trouth Air Conditioning and Sheet Metal, to complete the HVAC work for the hotel. After completion, the project began experiencing severe water intrusion and leaks. On June 23, 2016, Relator filed suit against Bay Electric, plaintiff, several other subcontractors, and their various insurers, for the damages to its property under theories of breach of contract, breach of warranty, negligence, gross negligence, and failure to warn (original suit). Therein, Relator specifically alleged plaintiff's breach of its subcontract with Bay Electric. Plaintiff answered the original suit but did not include any reconventional demands against Relator. Thereafter, on January 12, 2017, plaintiff filed the present suit for Breach of Contract and to Enforce Lien against Bay Electric and Relator, alleging that Bay Electric breached its subcontract with plaintiff by not paying the full amount due (second suit). Relevant herein, plaintiff only alleged a Private Works Act lien claim against Relator, in its capacity as owner of the property subject to the lien.[1] After the lien

---

[1] Relator several times throughout its application states that plaintiff sought to collect its full payment from both Bay Electric and Relator; however, it is clear from the transcript that plaintiff

was filed, Bay Electric, pursuant to its construction contract with Relator, purchased a bond, which has now taken the place of the lien on the property. In response, Relator filed its declinatory exception of lis pendens, claiming both suits arise out of the same construction project for breach of the same subcontract. After hearing arguments, the trial court denied the exception, explaining:

> Based on the information that has been presented to the court, based on the statement and clarification of [plaintiff's counsel] of the suit for breach of contract and to enforce lien, . . . the exception of lis pendens is denied at this time.

> It's . . . splitting hairs, I recognize . . . . There are some similarities. It's likely that in the [original] suit . . . that all of these matters will be addressed. I understand that; but for basic - - just for purposes of what [plaintiff] has sued in the [second] lawsuit against Bay Electric and LA Creole, your . . . exception is denied at this time.

Relator now seeks review of the trial court's judgment.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. But see La.Code Civ.P. art. 2083, comment (b), "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.) A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court. When the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial

_____

was only pursuing its lien claim against Relator as owner of the property subject to the lien, which Relator does ultimately concede.

2

on the merits.  *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam).

## ON THE MERITS

Louisiana Code of Civil Procedure Article 531 sets forth the rudiments of lis pendens:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.  When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

In *Aisola v. LA Citizens Prop. Ins. Corp.*, 14-1708, p. 4 (La. 10/14/15), 180 So.3d 266, 269, the supreme court instructed:

> The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities.  For *lis pendens* to apply, La.Code Civ. Proc. art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence; and (3) between the same parties in the same capacities.  The "test" established to determine if an exception of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if "a final judgment in the first suit would be res judicata in the subsequently filed suit."

"[O]ur law states that lis pendens is stricti juris and 'any doubt concerning the application of lis pendens must be resolved against its application.'"  *Rayner v. Evangeline Bank and Trust Co.*, 17-75, p. 4 (La.App. 3 Cir. 5/10/17), ___ So.3d ___ (quoting *Robbins v. Delta Wire Rope, Inc.*, 15-1757, p. 7 (La.App. 1 Cir. 6/3/16), 196 So.3d 700, 705).  The determination of whether to stay a proceeding under the doctrine of lis pendens rests within the trial court's sound discretion, and its decision should not be overturned absent a clear abuse of that discretion. *Rivers v. Bo Ezernack Hauling Contractor, LLC*, 09-1495 (La.App. 3 Cir. 5/5/10), 37 So.3d 1088.

3

Relator argues the trial court erred in denying its exception, as the two lawsuits at issue meet all three elements required to sustain the exception: (1) both actions are pending in Louisiana courts; (2) both involve the same exact parties in the same capacities—owner and subcontractor; and (3) both arise from the same transaction or occurrence in that the damage claims arise out of (a) the same prime construction contract of which the subcontract is a portion, and (b) the same construction project, which forms the operative set of facts underlying both suits. Moreover, Relator points out that, pursuant to La.Code Civ.P. art. 1061, plaintiff is required to file its compulsory reconventional demands against Relator in the original suit, and La.Code Civ.P. art. 425 likewise provides that plaintiff had to assert therein all causes of action arising out the transaction that is the subject matter of the original suit, *i.e.*, the construction project.

Next, Relator claims the trial court abused its discretion in denying the exception based upon a distinction between (a) the contract and tort claims asserted in the original suit, and (b) the Private Works Act claims asserted in the second suit. However, Relator claims such a distinction is immaterial because the proper focus of the analysis should be on the set of facts giving rise to the suits—the factual subject matter—not on the nature of the claims. Relator concludes by arguing that practical considerations weigh in favor of granting its exception, given the likely potential for differing results and relief, which would have res judicata effect, in these identical, parallel suits, creating needless confusion and extra costs to all parties.

Although both suits are pending in Louisiana courts, plaintiff, in its opposition, argues that neither of the other two elements for lis pendens apply. Plaintiff explains that the suits do not arise out of the same transaction or occurrence in that the transaction or occurrence in the original suit is plaintiff's

4

alleged failure to perform its construction obligations, while the transaction or occurrence in the second suit is the contractor's failure to pay plaintiff for its services, giving rise to the now-bonded lien on Relator's property. And, though the parties are the same, plaintiff asserts that they are not sued in the same capacity given that (1) in the original suit, Relator filed its claim for damages in its capacity as tort victim against plaintiff in its capacity as tortfeasor, but (2) in the second suit, plaintiff, in its capacity as materialman and laborman, sued Relator, in its capacity as owner of the property subject to the lien. Moreover, according to plaintiff, its success in enforcing its lien rights against the property would have no res judicata effect on Relator's suit for damages. Further, plaintiff states that it has no contractual relationship with Relator and, now, no right to proceed against the real property in light of the bond. Thus, plaintiff avers that it has no reconventional demand claim to assert against Relator, so a lis pendens claim is meaningless. Simply put, plaintiff's argument is that, while both parties had some indirect relationship to the construction of a hotel, this is not sufficient for a successful judgment of lis pendens.

Ultimately, the issue in this writ application comes down to whether the trial court abused its discretion in denying the exception. And given that the lien—the sole basis upon which plaintiff brought suit against Relator—has been bonded by the general contractor, the trial court did not abuse its discretion in denying the exception. This is because it follows that Relator's exception has now essentially been rendered moot in that (1) plaintiff will have to move against the bond, not the property or its owner, for the materials and labor it provided to the project, and (2) plaintiff has made it abundantly clear it is not seeking payment from Relator. Because any doubt must be resolved against the application of the discretionary doctrine of lis pendens, this writ is denied.

5

**WRIT DENIED.** We find no error in the trial court's judgment.