# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #030

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2026** are as follows:

**BY Griffin, J.:**

2025-C-01379
C/W
2026-C-00057

LUBA WORKERS COMP AND TRUCARE HOME HEALTH, LLC VS.  REBECCA SEARS (Parish of Ouachita)

COURT OF APPEAL RULING REVERSED; TRIAL COURT JUDGMENTS REINSTATED. SEE OPINION.

McCallum, J., concurs in the result.
Guidry, J., concurs in the result.
Penzato, J., concurs in the result in part and dissents in part and assigns reasons.

## SUPREME COURT OF LOUISIANA

## No. 2025-C-01379 c/w 2026-C-0057

## LUBA WORKERS COMP AND TRUCARE HOME HEALTH, LLC

## VS.

## REBECCA SEARS

On Writ of Certiorari to the Court of Appeal, Second Circuit, Office of Workers'
Compensation, District 1 E

**GRIFFIN, J.**[*]

We granted this writ to consider whether dismissal of a case due to a plaintiff's failure to amend a petition, when ordered to do so by a court, is self-executing. Adhering to the plain language of the Louisiana Code of Civil Procedure, we answer in the affirmative.

## FACTS AND PROCEDURAL HISTORY

Rebecca Sears was injured in 2014 in the course and scope of her employment with TruCare Home Health and later received workers' compensation benefits relating to the incident. In 2023, TruCare and its insurer, LUBA Workers' Compensation (collectively "LUBA"), filed a 1008 Petition alleging that Ms. Sears fraudulently misrepresented her injuries to obtain additional benefits. Ms. Sears answered, denying the allegations, and filed an exception of no cause of action, claiming that LUBA failed to plead fraud with particularity as required by La. C.C.P. art. 856.

The Workers' Compensation Judge ("WCJ") granted the exception of no cause of action in favor of Ms. Sears and ordered LUBA "to amend [its] 1008 Petition within 15 days of the Notice of the Signing of [the] Judgment and in default

---

[*] Judge Allison H. Penzato of the Court of Appeal, First Circuit, heard this case as Justice pro tempore, sitting for the vacancy in the First District. She is now appearing as an ad hoc for Justice William Burris.

of such amendment, [LUBA's] claims are dismissed with prejudice." [the "Exception Judgment"]. The notice of signing of the Exception Judgment was issued on June 28, 2024. LUBA sought supervisory review but did not request a stay of the Exception Judgment with either the WCJ or the court of appeal. The fifteen day period for amendment lapsed on July 12, 2024. The court of appeal denied writs on August 23, 2024. LUBA did not seek further review with this Court. It was not until September 23, 2024, that LUBA filed an amended petition.

Ms. Sears moved to strike the amended petition, arguing that LUBA failed to timely amend or to seek a stay. The WCJ agreed and granted the motion to strike, observing that "a writ application does not stay the proceedings unless the trial or appellate court expressly orders otherwise." Accordingly, the WCJ determined the Exception Judgment "already dismissed the suit with prejudice." The CA reversed relying on jurisprudence which held that even if the time to amend had passed, a plaintiff may still amend unless the defendant has moved for dismissal. *LUBA Workers Comp. v. Sears* 56, 489, p.6 (La. App. 2 Cir. 10/1/25) 420 So.3d 1234,1238.

While the aforementioned appeal was pending, LUBA filed a second 1008 Petition averring fraudulent misrepresentation on the part of Ms. Sears, this time buttressed with deposition testimony conducted in the interim. Ms. Sears filed an exception of res judicata contending this successive petition asserted the same action between the same parties, in the same capacities, which was previously dismissed in the Exception Judgment. The WCJ granted the exception observing the additional assertions were known to LUBA prior to the rendition of the Exception Judgment. A different panel of the court of appeal reversed reasoning the judgment on the motion to strike was the predicate judgment upon which the exception of res judicata was based and was not a valid final judgment given its status as pending on appeal (and the subsequent writ application to this Court) when the WCJ granted the

2

exception of res judicata. *See LUBA Workers Comp v. Sears*, 56,663, p.8 (La. App. 2 Cir. 12/17/25), 426 So.3d 727, 787-88.

Ms. Sears' timely writ applications to this Court followed, which we granted. *LUBA Workers Comp. v. Sears*, 25-1379 (La. 2/3/26). 427 So.3d 708; 26-0057 (La. 2/3/26), 427 So.3d 705.

## **DISCUSSION**

The primary issue before this Court is whether the court of appeal erred in interpreting La. C.C.P. art. 934 to allow LUBA to amend its petition despite the lapse of the court ordered delay period within which to do so. Statutory interpretation is a question of law subject to *de novo* review. *Berkley Assurance Co v. Willis*, 21-1554, p. 3 (La. 12/9/22), 355 So.3d 591, 593.

Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exemption may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be removed, *or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.* [Emphasis added]

Ms. Sears argued the Exception Judgment is self-executing under the unambiguous language of La. C.C.P. art. 934, thus the WCJ correctly dismissed the matter due to LUBA's failure to amend or seek a stay of the proceedings. LUBA counters that prior jurisprudence, consistent with the policy that amendment of pleadings should be literally allowed, requires action on the part of the plaintiff before dismissal is granted.[1] We disagree.

The plain language of Article 934 dictates the provision is self-executing. *See* La. C.C. art. 9. When the grounds of the objection pleaded by the peremptory exemption may be removed by amendment of the petition, the judgment sustaining

---

[1] LUBA also argues the merits of the Exception Judgment; however, as will be discussed later in this opinion, such arguments are moot.

3

the exception *shall* order such amendment within the delay allowed by the court. La. C.C.P. art. 934. If the grounds of the objection raised through the exception cannot be removed, or if the plaintiff fails to comply, it *shall* be dismissed. *Id*. The word "shall" is mandatory." La. R.S. 1:3. Resort to jurisprudence is unnecessary when an issue may be decided by the positive law. *Bergeron v. Richardson*, 20-1409, p. 9 (La. 6/30/21), 320 So.3d 1109, 1116. Once the WCJ sustained the exception of no cause of action and granted LUBA fifteen days to amend its petition, LUBA was required to comply with the order or seek a stay to preserve the time delay pending supervisory review.[2] LUBA did neither.

As to the issue of res judicata, the court of appeal erred when it assumed the predicate judgment in its res judicata analysis to be the judgment on the motion to strike rather than the Exception Judgment. The court of appeal therefore erroneously concluded the finality element was not met. *See* La. R.S. 13:4231; *Burguieres v. Pollingue*, 02-1385, p.8 (La. 2/25/03), 843 So.2d 1049, 1053. LUBA did not seek review of the Exception Judgment beyond the August 23, 2024, denial of its supervisory writ, and thus the Exception Judgment was final September 23, 2024. *See* La. C.C.P art. 2166(A).

## DECREE

For the foregoing reasons, the rulings of the court of appeal are reversed and the judgments of the WCJ are reinstated.

**COURT OF APPEAL RULINGS REVERSED; TRIAL COURT JUDGMENTS REINSTATED**

---

[2] While it is doubtless the mechanism for supervisory review exists, the clear language of La. C.C.P. art. 934 presents the obvious and preferrable remedy: amendment of the petition. Should attempt at amendment prove unsuccessful and an exception of no cause of action be granted resulting in dismissal, a plaintiff has the ability to file an appeal from the judgment therefrom. To encourage supervisory review in light of the availability of the foregoing procedure would be to encourage inefficiency and a waste of judicial resources.

## SUPREME COURT OF LOUISIANA

## No. 2025-C-01379 c/w 2026-C-0057

## LUBA WORKERS COMP AND TRUCARE HOME HEALTH, LLC

## VS.

## REBECCA SEARS

On Writ of Certiorari to the Court of Appeal, Second Circuit,
Office of Workers' Compensation, District 1 E

**PENZATO, J., concurs in the result in part and dissents in part.**

In these consolidated matters, three judgments of the Workers' Compensation Judge ("WCJ") are subject to this Court's review: 1) the June 27, 2024 judgment granting an exception of no cause of action, allowing leave to amend; 2) the June 11, 2025 amended judgment granting a motion to strike LUBA's[1] amended petition, dismissing the suit with prejudice;[2] and 3) the March 31, 2025 judgment granting an exception of res judicata as to LUBA's second amended petition.

I concur in the result reached by the majority opinion, which reversed the judgment of the court of appeal and reinstated the June 27, 2024 and June 11, 2025 judgments of the WCJ, resulting in the formal dismissal of the suit with prejudice. However, I respectfully dissent from that portion of the majority opinion, which interpreted La. Code Civ. P. art. 934 to be self-executing once the time delays to amend expired. I further dissent from that portion of the majority opinion that reversed the judgment of the court of appeal and reinstated the WCJ's March 31, 2025 judgment sustaining the exception of res judicata.

---

[1] "LUBA" collectively refers to plaintiffs, TruCare and LUBA Workers' Compensation.

[2] After a suspensive appeal was filed, the WCJ amended its initial November 13, 2024 judgment on the motion to strike to include a formal dismissal with prejudice pursuant to a May 14, 2025 order of the appellate court stating the judgment was not a final, appealable judgment because it did not contain a formal dismissal. The language of the November 13, 2024 judgment stated that the June 27, 2024 judgment on the exception "already dismissed the suit with prejudice." Thus, it did not include a formal dismissal.

1

As to the June 27, 2024 and June 11, 2025 judgments of the WCJ, I agree that pursuant to La. Code Civ. P. art. 934, once LUBA failed to amend the petition within fifteen-days as ordered by the WCJ, a subsequent formal dismissal was required, and LUBA was precluded from filing an amended petition. Article 934 states "… **if the plaintiff fails to comply** with the order to amend, **the action, claim, demand, issue, or theory shall be dismissed**." (Emphasis supplied). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code art. 9; La. R.S. 1:4. However, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ. Code art. 10.

The language of Article 934 is clear and unambiguous and is not susceptible to different meanings. Absent in Article 934 is any language that, after the expiration of the delay to amend, the dismissal is self-executing.[3] The article clearly contemplates a subsequent order.

Once the fifteen days elapsed, plaintiff had no authority to file, nor did the WCJ have discretion to allow the filing of an amended petition. *See Franklin v. City of Bossier*, 56,192 (La. App. 2 Cir. 4/9/25), 409 So.3d 1052, 1059, *writ denied*, 2025-00606 (La. 9/16/25), 416 So.3d 476 (where the plaintiff failed to comply with the trial order to amend the petition, dismissal was required under Article 934).

However, the plain language of the article, as written, contemplates and mandates a future dismissal in the event of non-compliance, not a dismissal by

---

[3] Had the legislature intended such a result, it could have included specific language like that in La. Code Civ. P. art. 561, which provides that abandonment of a case "is operative without formal order." Notably, however, Article 561 provides a procedure to obtain a formal dismissal as well as a procedure to have the dismissal set aside.

operation of law. As such, Article 934 requires some action to effectuate the dismissal of the case as recognized by the appellate court.

Similarly, the WCJ's June 27, 2024 judgment on the exception, which purported to dismiss the case with prejudice upon the expiration of the delay for amendment, cannot operate to retroactively dismiss the case. Rather, this judgment merely presents the possibility of dismissal conditioned on future non-compliance and does not contain the proper decretal language required for a final judgment of dismissal.

A dismissal with prejudice has the effect of a final judgment on the merits. *Dupre v. Floyd*, 2002-0153, p. 3 (La. App. 1 Cir. 12/20/02), 845 So.2d 370, 371. However, a valid judgment must be "precise, definite, and certain." *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. *See also Russo v. Fid. & Deposit Co.*, 129 La. 554, 561, 56 So. 506, 508 (1911). A judgment that is contingent on the occurrence of a future event is indeterminate and not a valid, final, appealable judgment. *Hosp. Serv. Dist. No. 1 of Par. of Terrebonne, State v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche, State*, 2024-0999, p. 5 (La. App. 1 Cir. 8/4/25), 421 So.3d 977, 981, *reh'g denied*, (La. App. 1 Cir. 11/20/25), *writ denied sub nom.*, *Hosp. Serv. Dist. No. 1 of Par. of Terrebonne v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche*, 2025-01617 (La. 3/25/26), 428 So.3d 266, *on reconsideration*, 2025-01617 (La. 5/27/26), *and writ denied sub nom.*, *Hosp. Serv. Dist. No. 1 of Par. of Terrebonne v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche*, 2025-01609 (La. 3/25/26), 428 So.3d 678, *on reconsideration*, 2025-01609 (La. 5/27/26).

The WCJ's June 27, 2024 judgment on the exception does not contain dismissal language within the judgment that is "precise, definite, and certain;" rather, dismissal is contingent on the failure to amend. Thus, the June 27, 2024 judgment

3

on the exception, on its face, is indeterminate. As a result, the judgment on the exception cannot operate on its own as a final dismissal.

In my view, however, final dismissal was accomplished, and the requirements of Article 934 were met, through the amended judgment granting the motion to strike,[4] which dismissed the case with prejudice after LUBA failed to comply with the WCJ's order to amend. As a result, I agree the WCJ's June 27, 2024 and June 11, 2025 judgments were legally sound, and concur in the result of the majority which reinstated those judgments.

However, as to the March 31, 2025 judgment, I disagree with the majority's finding that the June 27, 2024 judgment on the exception of no cause of action was final for purposes of granting the exception res judicata. For purposes of res judicata, a valid, final judgment must be rendered by a court with jurisdiction over both the subject matter and the parties after proper notice is given. *Burguieres v. Pollingue*, 2002-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053 (citing La. R.S. 13:4231).

Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. A final judgment is one that determines the merits in whole

---

[4] Generally, a motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. *Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151, 1162 (La. 1988). However, our Code of Civil Procedure requires that every pleading be so construed as to do substantial justice. La. Code Civ. P. art. 865. Under normal circumstances, a motion to dismiss the amended petition would be the proper pleading; however, in this case, defendant, and the WCJ, took the position that the case was already dismissed after LUBA failed to timely file an amended petition.

Moreover, La. Code Civ. P. art. 964 provides that the court may strike from "any pleading any insufficient demand[.]" Here, the entire pleading was insufficient because it was untimely. Therefore, the WCJ did not abuse its discretion in granting the motion to strike the amended petition under these unusual circumstances. *See e.g. Gaumnitz v. Orangio*, 2026-0020, p. 2 (La. App. 4 Cir. 1/30/26), 430 So.3d 1227 (where the appellate court held the trial court's judgment granting physician's motion to strike plaintiff's first supplemental and amending petition, the only remaining pleading, constituted a final appealable judgment).

While a motion to dismiss may have been more procedurally appropriate, the WCJ was required to dismiss the case pursuant to the mandate in Article 934.

4

or in part. In contrast, an interlocutory judgment does not determine the merits but only preliminary matters in the course of an action. La. Code Civ. P. art. 1841.

As discussed, a valid judgment must be "precise, definite, and certain." *Laird*, 836 So.2d at 365. For a judgment to be a final judgment, it must contain appropriate decretal language – it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Matter of Succession of Weber*, 2018-1337, p. 9 (La. App. 1 Cir. 4/29/19), 276 So.3d 1021, 1026-27. "These determinations should be evident from the language of the judgment without reference to other documents in the record." *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250, p. 4 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc) (citation omitted).

In this case, although the WCJ granted the exception of no cause of action, its June 27, 2024 judgment permitted amendment. Therefore, it did not dispose of the merits, and the judgment on the exception of no cause of action was a non-appealable, interlocutory judgment. In addition, the notice of judgment specifically designated the judgment as interlocutory. The fact that LUBA sought supervisory writs, which were denied without converting the filing to an appeal, further demonstrates the interlocutory nature of the judgment. Neither the expiration of the delay to amend nor the expiration of appeal delays serve to convert the interlocutory judgment into a final judgment.

Recently, in *Neville v. LCMC Health Holdings, Inc.*, 25-0417 (La. 6/17/25), 411 So.3d 627 (per curiam), this court held that a judgment granting an exception of no cause of action but allowing leave to amend the petition is not a final judgment; therefore, the judgment on the exception was reviewable on appeal of a subsequent final judgment. Specifically, this court stated:

> In the context of the plaintiff's unrestricted appeal of the July 2, 2024 judgment, which was a final and appealable judgment, **she was entitled to seek review of the trial court's adverse ruling sustaining the**

5

**defendants' peremptory exception raising the objection of no cause of action, which was an interlocutory judgment as the court allowed the plaintiff an opportunity to amend her petition and did not dismiss her medical malpractice action in the ruling.** See Stanley v. Housing Authority of New Orleans, 23-0192, p. 19 (La. App. 4th Cir. 11/8/23), 377 So. 3d 389, 403 ("A judgment granting an exception of no cause of action but providing leave to amend the petition is not a final judgment or an interlocutory judgment subject to appeal. Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided by La. C.C.P. art. 934."). [Emphasis added].

In *Neville*, the trial court's judgment sustained the exception of no cause of action and allowed plaintiff leave to amend the petition, in "default of which plaintiff's action shall be dismissed with prejudice." *Id.* The *Neville* court specifically noted that the judgment did not dismiss the action.

Similarly, here, the WCJ's judgment on the exception of no cause of action in this case did not dismiss the suit at the time it was signed. Rather, the judgment ordered an amendment to the petition, and "in default of such amendment Plaintiffs' claims are dismissed with prejudice."[5]

As in *Neville*, the dismissal in this case was conditioned upon the occurrence of a future event, in accordance with the mandatory language of La Code Civ. P. art. 934.[6] Without some further action by the WCJ or the parties, the judgment was not final. *See Universal Servs. & Assocs., LLC v. Grundmeyer*, 2023-0196, p. 3 (La. App. 4 Cir. 9/12/23), 372 So.3d 821, 824 (where the appellate court held that a judgment ordering an amendment is not final or appealable, even where it provides for the dismissal in the event of a default, noting: "The language of La. [Code Civ. P.] art. 934 and Louisiana jurisprudence reflect that the lapse of the time to amend

---

[5] The WCJ's judgment provided: "Plaintiffs … are ordered to amend their 1008/Petition within 15 days of the Notice of the signing of this Judgment to set forth dates and names of persons to whom they allege Defendant made false statements and the substance of such statements and **in default of such amendment Plaintiffs' claims are dismissed with prejudice.**" [Emphasis supplied].

[6] As already discussed, to the extent, the WCJ attempted to effectuate in its judgment a self-executing dismissal upon the expiration of the delay to amend the petition, Article 934 does not authorize such a procedure.

does not automatically result in dismissal of the plaintiff's [here, the plaintiff-in-reconvention's] claims; rather, some action on behalf of the trial court or defendants [here, the defendant-in-reconvention] is required.") (internal quotation and citations omitted).[7] Extending and applying *Neville*, I find the judgment on the exception of no cause of action was not a final judgment, thus it did not have a preclusive effect.

Further, while the June 11, 2025 judgment granting the motion to strike, which disposed of all the issues, was a final judgment, it is undisputed the appeal of that judgment was still pending at the time the WCJ granted the exception of res judicata. Thus, as the appellate court correctly held, it was not a valid, final judgment for purposes of res judicata. As such, in my view, the appellate court's judgment reversing the WCJ's March 31, 2025 judgment granting the exception of res judicata was correct, and I would affirm that portion of the judgment.

For these reasons, I concur in the result to reverse the appellate court's rulings on the exception of no cause of action, the motion to strike and dismissal with prejudice, thereby reinstating the WCJ's June 27, 2024 and June 11, 2025 judgments. However, I would affirm the judgment of the appellate court reversing the WCJ's erroneous grant of the exception of res judicata.

---

[7] *Grundmeyer* is cited, here, solely in support of its holding that a judgment ordering an amendment is not final or appealable, even where it provides for the dismissal in the event of a default. Notably, *Grundmeyer* also held that unless the defendant has moved for procedural dismissal, a plaintiff may still amend a pleading even if the delay period within which to amend has passed. *Id.*, 2023-0196 at p. 3, 372 So.3d at 824. Insofar as allowing a leave to amend after the expiration of the delay does not comply with the plain statutory mandates under Article 934, *Grundmeyer* must be overruled.